Mike Arias, Esq. (CSB #115385)
Mark A. Ozzello, Esq. (CSB #116595)
Mikael H. Stahle, Esq. (CSB #182599)
Louis Pacella, Esq. (CSB #227616)
**ARIAS, OZZELLO & GIGNAC, LLP**
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
(310) 670-1600
(310) 670-1231 (Fax)

Attorneys for Plaintiffs

FILED
JAN 1 7 2006
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT OF THE STATE OF CALIFORNIA

EASTERN DISTRICT

1: 06 CV 00050 OWW SMS

| | |
|---|---|
| GERALD AVILA, an individual; TOM SOUZA, an individual; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TURLOCK IRRIGATION DISTRICT, a California Public Agency, and DOES 1 through 10, inclusive<br><br>Defendant. | CASE NO.<br><br>**CLASS ACTION**<br><br>COMPLAINT FOR DAMAGES<br><br>1. FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 201, *et seq.*;<br><br>DEMAND FOR JURY TRIAL |

All allegations in this Complaint are based upon information and belief except for those allegations which pertain to the Plaintiffs named herein and their counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

**ALLEGATIONS COMMON TO CERTAIN CAUSES OF ACTION**

1.  This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 20 et seq. and the procedural provisions of Rule 23 of the FEDERAL RULES OF CIVIL PROCEDURE. Plaintiffs bring this action on their

Page 1

**COMPLAINT**

own behalf, and on behalf of all persons within the Class defined herein. This Court has jurisdiction to enforce the provision of the FLSA, and therefore subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Venue is proper in the Eastern District of California pursuant to Fresno Division Local Rule 30120(b) as the Defendant maintains its headquarters and principal place of business is Turlock California, County of Stanislaus.

**PLAINTIFFS**

2. The PLAINTIFF CLASS ("the CLASS") consists of the following:

> "All persons employed by DEFENDANT TURLOCK IRRIGATION DISTRICT, who were employed as Apprentice Power Control Center Operators and Power Control Center Operators, and who worked more than forty (40) hours in a given week, during the period January 11, 2003, to the present, and who were not paid overtime compensation.

**CLASS ALLEGATIONS**

3. At all material times, PLAINTIFFS GERALD AVILA and TOM SOUZA were, and are, employed by DEFENDANT TURLOCK IRRIGATION DISTRICT as Power Control Center Operators, and are members of the CLASS as described in paragraph 2 of this Complaint.

4. The persons who comprise the CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a CLASS will benefit the parties and the Court. The claims of the PLAINTIFFS are typical of the claims of the members of the CLASS which they seek to represent. The PLAINTIFFS will fairly and adequately protect the interests of the CLASS which they seek to represent. PLAINTIFFS do not have any interest which is antagonistic to the CLASS which they seek to represent. Counsel for the PLAINTIFFS are experienced, qualified and generally able to conduct complex class action litigation.

5. This Court should permit this action to be maintained as a class action pursuant to the FED. R. OF CIV. PROC. RULE 23, CAL. CIV. PROC. CODE

§ 382 because:

a. The questions of law and fact common to the CLASS predominate over any question affecting only individual members;

b. A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CLASS;

c. The CLASS is so numerous that it is impractical to bring all members of the CLASS before the Court;

d. PLAINTIFFS, and the other members of the CLASS, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

e. There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT'S actions have inflicted upon the CLASS;

f. There is a community of interest in ensuring that the combined assets and available insurance of the DEFENDANT is sufficient to adequately compensate the members of the CLASS for the injuries sustained;

g. Without class certification, the prosecution of separate actions by individual members of the CLASS would create a risk of:

  (i) Inconsistent or varying adjudications with respect to individual members of the CLASS which would establish incompatible standards of conduct for DEFENDANT; and/or,

  (ii) Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible DEFENDANTS; and,

 h. DEFENDANT has acted or refused to act on grounds generally applicable to the CLASS, thereby making final injunctive relief appropriate with respect to the CLASS as a whole.

**DEFENDANTS**

6. The CLASS is informed and believe, and based upon that information and belief allege, that DEFENDANT TURLOCK IRRIGATION DISTRICT ("TID") is, and at all times herein mentioned was:

 a. A California public entity duly organized under California law;

 b. Actually conducting business in the County of Stanislaus, State of California;

 c. The employer of the members of the CLASS;

 d. In the business of providing consumers with electrical and irrigation services;

 e. As a public agency, Defendant is "enterprise engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §203(x); and,

 f. Failed to pay overtime compensation as articulated herein, during the class period.

7. Defendant TID is, and at all times relevant herein was, a public

COMPLAINT

entity duly organized under California law, with headquarters and principal place of business in Turlock, California. At all times relevant herein, TID's principal business is providing consumers with electric power and irrigation services. Defendant TID is a "public agency," and hence an "enterprise engaged in commerce or in the production of goods for commerce," as defined in 29 U.S.C. § 203(x).

8. TID operates an electric power distribution system as well as an irrigation system. TID also operates other related facilities. At all relevant times herein, plaintiffs were engaged in providing service necessary to the District's electric distribution system. As such, all employees were engaged in activities tied to, and necessary for TID's services to its customers. In performing their jobs for TID, plaintiffs were "employees" employed by an "enterprise engaged in commerce of the production of goods for commerce" within the scope of 29 U.S.C. § 207(a).

**CONDUCT**

9. DEFENDANT TID is responsible for the distribution of water and electricity throughout the county of Stanislaus. Obviously, in the performance of its distribution duties, DEFENDANT TID has employed various personnel, in various capacities, to accommodate its functions and perform the distribution of water and electricity to the public.

10. The PCCOs and Apprentice Power Control Center Operators follow exacting operating procedures to handle the distribution of electricity. The PCCOs and Apprentice Power Control Center Operators work 12-hour rotating shifts, respectively. During the class period, Plaintiffs and members of the CLASS worked an average of 60-100 hours per week, without receiving overtime compensation as required by the *FLSA*.

///
///

## FIRST CAUSE OF ACTION
## FOR FAILURE TO PAY OVERTIME COMPENSATION
### (Against All Defendants)
### [*FLSA* 29 *U.S.C.* §§263, 206, 207]

11. The PLAINTIFF CLASS re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 10 of this Complaint.

12. At all times relevant herein, PLAINTIFFS and the members of the CLASS were engaged in commerce within the meaning of the TITLE 29, CODE OF FEDERAL REGULATIONS §§ 776.1 *et seq.* and 29 *U.S.C.* §§ 206(a), 207(a).

13. PLAINTIFFS are informed and believe, and based upon that information and belief allege, that DEFENDANT TID was an enterprise engaged in commerce or in the production of goods through commerce within the meaning of the *FLSA*, 29 *U.S.C.* § 203(a)(1), 203(s)(1), 206(a) and 207(a).

14. The *FLSA* provides that employees shall not be employed more than forty hours in any workweek, unless they receive additional compensation beyond their regular wages in amounts specified by law.

15. An employee who has not been paid overtime compensation as required by the *FLSA* may recover the unpaid balance of the full amount of such overtime compensation, together with costs of suit, as well as liquidated damages in an amount equal to the overtime compensation unlawfully withheld in a civil action. The action may be maintained directly against the employer without the necessity of first filing a complaint with the Department of Labor.

16. DEFENDANT TID, has intentionally and improperly designated certain employees, including PLAINTIFFS, as exempt to avoid payment of overtime wages and other benefits in violation of the *FLSA*.

17. In particular, the CODE OF FEDERAL REGULATIONS sets forth specific requirements which must be complied with to place an employee in an "executive" or "administrative" exempt category.

18.  The job duties of those employees designated as the PCCOs and Apprentice Power Control Center Operators by DEFENDANT TID, do not fit the definition of *either* an exempt, executive or administrative employee because:

  (a)  Their primary duty is not the management of the enterprise of DEFENDANT TID or a customarily recognized department or subdivision of DEFENDANT TID; and,

  (b)  They do not customarily and regularly direct the work of two or more other employees; and,

  (c)  They do not have the authority to hire or fire other employees nor are their suggestions and recommendations in this regard given particular weight; or,

  (d)  Their primary duty is not directly related to the management or general business operations of DEFENDANT TID or the customers of DEFENDANT TID; and,

  (e)  Their primary duty does not include the exercise of discretion or independent judgment with respect to matters of significance as defined by the CODE OF FEDERAL REGULATIONS in that they must follow exacting and comprehensive company-wide policies which dictate every aspect of their work performance.

19.  At all times relevant hereto, from time to time, the PLAINTIFF CLASS has worked more forty hours in a workweek, as employees of DEFENDANT TID.  The representative PLAINTIFFS herein have been required to work an average of more than sixty (60) hours per week, and up to one hundred (100) hours per week during their employment.

20.  At all times relevant hereto, DEFENDANT TID, failed to pay to the PLAINTIFF CLASS overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by the

**COMPLAINT**

FLSA.

21. By virtue of the DEFENDANT'S unlawful failure to pay additional compensation to the PLAINTIFF CLASS for its overtime hours, the PLAINTIFF CLASS has suffered, and will continue to suffer, damages in amounts which are presently unknown to the PLAINTIFF CLASS but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

22. The PLAINTIFF CLASS is informed and believes, and based upon that information and belief alleges, that DEFENDANT TID, knew or should have known that the PCCOs and Apprentice Power Control Center Operators positions did not qualify as exempt and purposely elected not to pay the PLAINTIFF CLASS for its overtime labor.

23. DEFENDANT TID, acted intentionally, oppressively and maliciously toward the PLAINTIFF CLASS with a conscious disregard of the PLAINTIFF CLASS' rights, or the consequences to the PLAINTIFF CLASS, with the intent of depriving the PLAINTIFF CLASS of property and legal rights and otherwise causing the PLAINTIFF CLASS injury. As such, the PLAINTIFF CLASS is entitled to liquidated damages.

Dated: January 10, 2006

ARIAS, OZZELLO & GIGNAC, LLP

By: _____
MIKE ARIAS
MARK A. OZZELLO
MIKAEL H. STAHLE
LOUIS PACELLA
Attorneys for Class Plaintiffs

**COMPLAINT**

## DEMAND FOR JURY TRIAL

CLASS PLAINTIFFS hereby demands a trial by jury.

Dated: January 10, 2006                ARIAS, OZZELLO & GIGNAC, LLP

By: _____
MIKE ARIAS
MARK A. OZZELLO
MIKAEL H. STAHLE
LOUIS PACELLA
Attorneys for Class Plaintiffs

COMPLAINT