1

2

3

4                          UNITED STATES DISTRICT COURT

5                         EASTERN DISTRICT OF CALIFORNIA

6

| | |
|---|---|
| GERALD AVILA, an individual; TOM SOUZA, an individual; on behalf of themselves and all others similarly situated,<br><br>              Plaintiff,<br><br>       v.<br><br>TURLOCK IRRIGATION DISTRICT, a California Public Agency and DOES 1 through 10, inclusive.<br><br>              Defendants. | 1:06-CV-00050 OWW SMS<br><br>MEMORANDUM DECISION AND ORDER RE GRANTING PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY CLASS |

16                     **1.  INTRODUCTION**

17        This matter is before the court on Plaintiffs' motion for

18   conditional class certification under the Fair Labor Standards

19   Act ("FLSA"), 29 U.S.C. § 216(b).  (Doc. 23, Mot. to Certify

20   Class, Filed August 1, 2006.)  The named Plaintiffs are Power

21   Control Center Operators ("PCCOs") for Defendant Turlock

22   Irrigation District ("TID") who allege that TID misclassified

23   plaintiffs as exempt from FLSA overtime requirements.  (Doc. 1,

24   Complaint, ¶ 16, filed January 17, 2006.)  Plaintiffs seek

25   conditional certification of class of plaintiffs who are current

26   and former PCCO's and Apprentice PCCO's ("APCCOs") so that they

27   may "opt in" as class members to this litigation.  (Doc. 23, Mot.

28   to Certify Class.)

                                    **1**

## 2.   PROCEDURAL BACKGROUND

Plaintiffs filed their complaint on January 17, 2006.  (Doc. 1, Complaint.)  Defendants filed an answer on May 20, 2006. (Doc. 7, Answer to Complaint.)  On August 1, 2006, Plaintiffs filed a Motion to Certify Class, conditionally.  (Doc. 23, Mot. to Certify Class.)  On September 5, 2006, pursuant to local rule 78-230(c), Defendants filed a Statement of Non Opposition to Plaintiffs' Motion to Certify Class.  (Doc. 36, Statement of Non Opposition.)

## 3.   FACTUAL BACKGROUND

Plaintiffs Avila and Souza are PCCOs for Defendant TID. Avila has worked for TID for the past 26 years.  Souza has worked for TID for the past eight years.  Each is familiar with both his job duties and with the TID system.

Plaintiffs work in the Turlock Power Control Center where they operate and monitor equipment directly engaged in generating and distributing electricity.  Plaintiffs operate and monitor electrical power generation, transmission, and distribution through the Energy Management System ("EMS") in the TID control area.  From the control area, Plaintiffs observe information from various schematics, alarms, and telemetry to monitor the correct amount of electrical power which is generated and distributed. Plaintiffs utilize the EMS to remotely operate the generators, transformer, capacitors, and circuit breakers which control power generation levels and distribution flow.  In addition, Plaintiffs field and respond to customer inquiries about power outages.

Despite Plaintiffs' jobs as PCCOs, jobs which entail, as

their jobs titles suggest, generating, transmitting, and distributing electrical power, Plaintiffs claim that TID has misclassified them as exempt from FLSA overtime requirements.

Plaintiffs filed the instant wage and hour class action on January 17, 2006. Plaintiffs claim and allege, that during their employment with Defendant, they frequently worked more than forty (40) hours per week, due to being scheduled for twelve-hour shifts, but were not paid overtime compensation for the time worked in excess of 40 hours. Plaintiffs are suing under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*§ ("FLSA" or the "Act") to recover time and a half for all hours worked in excess of forty (40) hours per week, as well as liquidated damages, and reasonable attorney's fees and costs incurred in this action.

By this motion, Plaintiffs request the Court conditionally certify the proposed FLSA class and order FLSA Notice to inform and permit all current and former PCCOs and Apprentice PCCOs to "opt in," as each of them is similarly situated to the named Plaintiffs. Also, Plaintiffs request that Defendants provide a list of all past and current employees who worked as PCCOs and Apprentice PCCOs during the class period, along with last known addresses, to facilitate the sending of Notice. Plaintiffs assert that Defendant has refused to stipulate to such Notice and to supply Plaintiffs with a list of all potential class members. *See* Declaration of Mark A. Ozzello ("Ozzello Decl.") at ¶ 4.

Plaintiffs claim that Defendants failed to pay overtime

**3**

compensation to PCCOs and APCCOs who worked in excess of forty hours a week.  Plaintiffs argue that to notify these individuals of their right and ability to "opt in" to this litigation, Plaintiffs propose sending Notice to all individuals who were employed by Defendant as PCCOs and APCCOs at any time within the class period.  Plaintiffs seek to send Notice to the following persons:

> All persons who were employed by Defendant Turlock
> Irrigation District as Power Control Center Operators
> or Apprentice Power Control Center Operators at any
> time during the period January 11, 2003 to the present.

Plaintiffs make two requests: 1. for an order conditionally certifying the proposed FLSA class and 2. directing Defendant to disclose the names and addresses of all individuals as described above.  Plaintiffs agree to send the attached Notice and Consent forms to all individuals so disclosed by Defendant.

### 4.  STANDARD OF REVIEW

Any employer who violates 29 U.S.C. § 207[1] of FLSA shall be liable to the employee or employees affected in the amount of their... unpaid overtime compensation, as the case may be and in an additional equal amount as liquidated damages.  29 U.S.C.

---

[1] 29 U.S.C. § 207(a)(2)(A) provides: "No employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, and who in such workweek is brought within the purview of this subsection by the amendments made to this act by the Fair Labor Standards Amendments of 1966... for a workweek longer than forty hours after the expiration of the second year from such date unless the employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-half times the regular rate at which he is employed."

**4**

216(b)   An action to recover the liability prescribed in either
of the preceding sentences may be maintained against any employer
(including a public agency) in any Federal Court of competent
jurisdiction by any one or more employees for and in behalf of
himself or themselves and other employees similarly situated.
*Id*.   No Employee shall be a party plaintiff to any such action
unless he gives his consent in writing to become such a party and
such consent is filed in the court in which such action is
brought. *Id.*; *Nevada Employees' Ass'n v. Bryan*, 916 F.2d 1384,
1393 (9th Cir. 1990).   An action under FLSA brought by Plaintiffs
on behalf of themselves and all other "similarly situated" are
considered "collective actions" that benefit the judicial system
by enabling the "efficient resolution in one proceeding of common
issues of law and fact." *Hoffman-LaRoche, Inc. v. Sperling,* 493
U.S. 165, 170 (1989).   Unlike class action under Fed. R. Civ. P.
23, Plaintiffs in an action under FLSA must affirmatively "opt
in" to participate in the litigation.  29 U.S.C. 216(b); *Hipp v.
Liberty National Life Insurance Co.*, 252 F.3d 1208, 1217 (11th
Cir. 2001).

## 5.   DISCUSSION

**A.   Directed Notice Is Appropriate in FLSA Litigation**

The United States Supreme Court has held that district court
approval and facilitation of notice serves the goal of avoiding a
multiplicity of duplicative suits and setting cutoff dates to
expedite disposition of the action. *Hoffman-LaRoche*, 493 U.S.
171.   To facilitate this process, a district court may authorize
the named plaintiffs in a FLSA collective action to send notice
to all potential plaintiffs and may set a deadline for plaintiffs

**5**

to join the suit by filing consents to sue. *Doe v. Advanced Textile Corp.*, 214 F.3d 1058, 1065 (9th Cir. 2000).

**B.   At This Stage Plaintiffs Have Met Their Burden of Showing That They Are Similarly Situated to the Class**

A plaintiff bears the burden of establishing that he and the class he wishes to represent are similarly situated. *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992)(questioned on other grounds.)  Section 216(b) does not define "similarly situated."  The Ninth Circuit also has not defined "similarly situated" under the statute.  However *Wynn v. National Broadcasting Company*, *Inc.,* 234 F. Supp. 2d 1067, 1082 (C.D. Cal. 2002) has stated that the majority of courts prefer an *ad hoc*, two-tiered approach to be made on a case by case basis.  The first determination is made at the "notice stage."  *Id.*  At this stage the court makes a decision based on the pleadings and any affidavits that have been submitted, as to whether the class should be certified.  *Id.*  Due to the minimal evidence at the court's disposal, this determination is based on a fairly lenient standard, and typically results in a "conditional certification" of a representative class.  *Id.*  The second determination is made after discovery is largely complete, usually on a motion for decertification by defendant.  *Id.*  There, the court weighs various factors in making a factual determination as to whether the plaintiffs are similarly situated.  *Id.*  Such factors include 1. the disparate factual and employment settings of the individual plaintiffs, 2. the various defenses available to the defendant which appeared to be individual to each plaintiff, and 3. fairness and procedural considerations.

**6**

1    Defendants do not dispute Plaintiffs' motion to certify

2  class.  Further Plaintiffs argue that Defendants have engaged in

3  and implemented a uniform plan or scheme to extract labor from

4  the members of the proposed FLSA class by scheduling twelve-hour

5  shifts for several days at a stretch, such that each employee

6  ends up working an excess of forty hours in a given week without

7  being paid time and a half, in violation of FLSA.  Plaintiffs

8  include declarations to support their contentions that they are

9  similarly situated with other PCCOs and APCCOs.  Under the

10 lenient standard applied in *Wynn*, at this stage, Plaintiffs have

11 made a sufficient showing that they are similarly situated for

12 purposes of conditionally certifying the class under the FLSA.

13                    **6.   CONCLUSION**

14    Plaintiffs' motion to conditionally certify class is

15 **GRANTED.**

16

17 IT IS SO ORDERED.

18 **Dated:   November 3, 2006**          **/s/ Oliver W. Wanger**
   dd0l0                          UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

**7**