1  THEODORA R. LEE, Bar No. 129892
   LITTLER MENDELSON
2  A Professional Corporation
   650 California Street, 20th Floor
3  San Francisco, CA  94108.2693
   Telephone:     415.433.1940
4
   MATTHEW J. RUGGLES, Bar No. 173052
5  LITTLER MENDELSON
   A Professional Corporation
6  2520 Venture Oaks Way, Suite 390
   Sacramento, CA  95833.4227
7  Telephone:     916.830.7200

8  Attorneys for Defendant
   TURLOCK IRRIGATION DISTRICT
9
   MIKE ARIAS, Bar No. 115385
10 MARK A. OZZELLO, Bar No. 116595
   ARIAS, OZZELLO & GIGNAC, LLP
11 6701 Center Drive West, Suite 1400
   Los Angeles, CA  90045
12 Telephone:     310.670.1600

13 Attorney for Plaintiffs
   GERALD AVILA AND TOM SOUZA
14
                  UNITED STATES DISTRICT COURT
15
                  EASTERN DISTRICT OF CALIFORNIA
16

17 GERALD AVILA, an individual; TOM        Case No.  06-CV-00050-OWW-SMS
   SOUZA, an individual; on behalf of
   themselves and all others similarly situated,   **STIPULATION TO BIFURCATE CASE**
18                                          **AND MODIFY SCHEDULING ORDER;**
                                           **ORDER**
19                   Plaintiffs,

20          v.

21 TURLOCK IRRIGATION DISTRICT, a
   California Public Agency, and DOES 1
22 through 10, inclusive,

23                   Defendant.

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA  95833.4227
916.830.7200

Firmwide:81886681.1 017072.1039                      Case No.  06-CV-00050-OWW-SMS

                          STIPULATION TO BIFURCATE CASE

PDF created with pdfFactory trial version www.pdffactory.com

Plaintiffs Gerald Avila and Tom Souza, and Defendant Turlock Irrigation District, by and through their attorneys of record, hereby stipulate and agree as follows:

1.     The court's November 27, 2006 ruling on Defendant Turlock Irrigation District's motion for summary judgment granted partial summary judgment, but denied partial summary judgment to Defendant Turlock Irrigation District on application of the irrigation exemption under 29 U.S.C. section 213(b)(12).  Section 213(b)(12) provides an exemption to the overtime provisions of the Fair Labor Standard Act that applies to:

> any employee employed in agriculture or in connection with the operation or maintenance of ditches, canals, reservoirs, or waterways, not owned or operated for profit, or operated on a sharecrop basis, and which are used exclusively for supply and storing of water, at least 90 percent of which was ultimately delivered for agricultural purposes during the preceding calendar year.

Defendant Turlock Irrigation District contends the unresolved issue regarding application of the irrigation exemption under 29 U.S.C. section 213(b)(12) is not genuinely disputed and can be proven by the District in an evidentiary hearing through approximately 2-3 witnesses and accompanying documentation;

2.     Pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, the court has the discretion to bifurcate this case when separate trials on any claim or issue will be conducive to expedition and economy.  The parties agree that litigation and resolution of the potential application of the irrigation exemption under 29 U.S.C section 213(b)(12) before litigation and resolution of the other merits of the case will be conducive to expedition and economy because if the irrigation exemption applies, it will completely resolve Plaintiffs' and the conditionally-certified class claim for underpayment of overtime wages under the Fair Labor Standards Act.

3.     To permit the efficient and economical resolution of this issue, the parties stipulate and agree and jointly request that the court issue an order as follows:

a.     an order bifurcating this case so that the parties have ninety (90) days from the date of the order to conduct discovery limited to the unresolved issue of application of the irrigation exemption under 29 U.S.C. section 213(b)(12).  Discovery during this period shall be limited to discovery that is relevant to, or potentially will lead to the discovery of admissible evidence

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

Firmwide:81886681.1 017072.1039

1.

Case No.  06-CV-00050-OWW-SMS

STIPULATION TO BIFURCATE CASE

PDF created with pdfFactory trial version www.pdffactory.com

concerning, application of the irrigation exemption to the Plaintiffs and the conditionally-certified class of Power Control Center Operators and Apprentice Power Control Center Operators employed by Defendant Turlock Irrigation District;

        b.     setting a separate trial date on the unresolved issue of application of the irrigation exemption under 29 U.S.C. section 213(b)(12) approximately one hundred and twenty days (120) from the date of the order.  The parties estimate that a trial on this issue will take no longer than two (2) court days.  Plaintiffs do not waive any right to appeal the court's ruling on the District's motion for summary judgment by entering into this stipulation;

        c.     if the court rules that the irrigation exemption under 29 U.S.C. section 213(b)(12) does not apply to Plaintiffs and the conditionally-certified class of Power Control Center Operators and Apprentice Power Control Center Operators employed by the District, then discovery shall be reopened for a period of six months from the court's decision to finish discovery on the merits.  By entering into this stipulation, the parties do not agree to waive their right to conduct discovery on any issue, subject to the limitation(s) described above; and

        d.     pre-trial and trial dates be modified following the court's decision, as appropriate, including but not limited to the dates for expert disclosures.

**IT IS SO STIPULATED.**

Dated: January 19, 2007

/s/  Matthew J. Ruggles
THEODORA R. LEE
MATTHEW J. RUGGLES
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
TURLOCK IRRIGATION DISTRICT

Dated: January 19, 2007

/s/  Mark A. Ozzello (authorized 01/19/2007)
MARK A. OZZELLO
ARIAS, OZZELLO & GIGNAC, LLP
Attorneys for Plaintiffs
GERALD AVILA AND TOM SOUZA

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA  95833.4227
916.830.7200

Firmwide:81886681.1 017072.1039        2.        Case No.  06-CV-00050-OWW-SMS

STIPULATION TO BIFURCATE CASE

PDF created with pdfFactory trial version www.pdffactory.com

## **ORDER**

Based on the parties' Stipulation to Bifurcate Case and Modify the Scheduling Order, the Court rules as follows:

1.    The court finds that bifurcation of this case pursuant to Rule 42(b) of the Federal Rules of Civil Procedure on the unresolved issue of application of the irrigation exemption under 29 U.S.C. section 213(b)(12) order will be conducive to expedition and economy because determination of the potential application of the irrigation exemption under 29 U.S.C. section 213(b)(12) could completely resolve this case.

2.    It is therefore ordered that this case shall be bifurcated as follows:

a.    the parties have ninety (90) days from the date of the order to conduct discovery limited to the unresolved issue of application of the irrigation exemption under 29 U.S.C. section 213(b)(12).  Discovery during this period shall be limited to discovery that is relevant to, or potentially will lead to the discovery of admissible evidence concerning, application of the irrigation exemption to the Plaintiffs and the conditionally-certified class of Power Control Center Operators and Apprentice Power Control Center Operators employed by Defendant Turlock Irrigation District;

b.    a separate trial limited to the unresolved issue of application of the irrigation exemption under 29 U.S.C. section 213(b)(12) shall be held beginning at 9:00 a.m. on June 26, 2007.

c.    if the court rules that the irrigation exemption under 29 U.S.C. section 213(b)(12) does not apply to Plaintiffs and the conditionally-certified class of Power Control Center Operators and Apprentice Power Control Center Operators employed by the District, then discovery shall be reopened for a period of six months from the court's decision to finish discovery on the merits.

d.    the Discovery Cut-off date set on February 2, 2007 is VACATED and is hereby rescheduled for January 26, 2008.

e.    the Non-Dispositive Motion Filing Deadline set on February 15, 2007 is VACATED and is hereby rescheduled for February 11, 2008.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA  95833.4227
916.830.7200

Firmwide:81886681.1 017072.1039        3.        Case No.  06-CV-00050-OWW-SMS

STIPULATION TO BIFURCATE CASE

PDF created with pdfFactory trial version www.pdffactory.com

1           f.      the Dispositive Motion Filing Deadline set on March 2, 2007 is VACATED

2  and is hereby rescheduled for February 29, 2008.

3           g.     the date for Initial Expert Disclosures is hereby scheduled for November 23,

4  2007.

5           h.     the date for Rebuttal Expert Disclosures is hereby scheduled for December 21,

6  2007.

7           i.      the Mandatory Settlement Conference presently scheduled for March 8, 2007

8  is VACATED and is hereby rescheduled for January 30, 2008 at 10:00 a.m.

9           j.      the final Pre-trial Conference presently scheduled for May 21, 2007 is

10  VACATED and is hereby rescheduled for May 5, 2008 at 11:00 a.m.

11           k.     the Trial date presently scheduled for June 26, 2007 is VACATED and is

12  hereby rescheduled for June 10, 2008 at 9:00 a.m.

13           **IT IS SO ORDERED.**

14

DATED: 2/24/2007                /s/ Oliver W. Wanger

15                                   UNITED STATES DISTRICT COURT JUDGE

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA  95833.4227
916.830.7200

Firmwide:81886681.1 017072.1039              4.               Case No.  06-CV-00050-OWW-SMS

STIPULATION TO BIFURCATE CASE

PDF created with pdfFactory trial version www.pdffactory.com