Mike Arias, Esq. (CSB #115385)
Mark A. Ozzello, Esq. (CSB #116595)
Mikael Stahle, Esq. (CSB #182599)
Jason E. Barsanti, Esq. (CSB #235807)
Stephanie C. Lai, Esq. (CSB #242959)
**ARIAS OZZELLO & GIGNAC LLP**
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: (310) 670-1600
Facsimile: (310) 670-1231
marias@aogllp.com
mozzello@aogllp.com
mstahle@aogllp.com
jbarsanti@aogllp.com
slai@aogllp.com

Attorneys for Plaintiffs

[SPACE BELOW RESERVED FOR FILE STAMP ONLY]

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD AVILA, an individual; TOM SOUZA, an individual; on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>TURLOCK IRRIGATION DISTRICT, a California Public Agency, and DOES 1 through 10, inclusive<br><br>Defendants. | Case No.: 1:06-CV-00050-OWW-SMS<br><br>Hon. Oliver W. Wanger<br><br>**CLASS ACTION**<br><br>**APPLICATION FOR APPROVAL OF AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND, DECLARATION OF MARK A. OZZELLO IN SUPPORT THEREOF**<br><br>[Filed concurrently with Joint Ex Parte Application for Approval of Final Settlement]<br><br>Date Action Filed: August 26, 2005<br>Trial Date:        June 10, 2008 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

This application is submitted concurrently with the parties' Joint Ex Parte Application for Approval of Settlement. Pursuant to these Applications,

Page 1        Case No. 06-CV00050-OWW-SMS

PLAINTIFFS' APPLICATION FOR APPROVAL OF AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, ETC.

counsel jointly seek from this Court an Order approving the settlement. By this Application, counsel for Plaintiffs ask this Court to:

1. Approve attorneys' fees to be paid to Arias Ozzello & Gignac LLP for its representation of Plaintiffs in an amount of $59,125.00; and,

2. Reimbursing AOG for the reasonable expenses incurred in connection with this action in the amount of $21,367.00.

This Application is based upon the attached Memorandum of Points and Authorities, the Declaration of Mark A. Ozzello, Stipulation and [Proposed] Order, the pleadings and records on file in this matter, and such additional oral argument and documentary evidence as may be presented and considered with this Application.

Respectfully submitted,

Dated: August 24, 2007          ARIAS OZZELLO & GIGNAC LLP

By: /s/ Mike Arias
MIKE ARIAS
MARK A. OZZELLO
MIKAEL H. STAHLE
JASON E. BARSANTI
STEPHANIE C. LAI
Attorneys for Class Plaintiffs

Page 2    Case No. 06-CV00050-OWW-SMS

PLAINTIFFS' APPLICATION FOR APPROVAL OF AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, ETC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This is an action to recover wages for certain employees (Power Control Center Operators and Apprentice Power Control Center Operators) employed by the Turlock Irrigation District ("TID"). The action was filed in January of 2006. Plaintiffs received conditional certification of the lawsuit as a collective action by court order in November of 2006. Recently, Defendant TID and Plaintiffs have entered into a settlement. In the interests of judicial efficiency, all other pertinent facts are set forth in the Stipulation for Settlement and [Proposed] Order filed concurrently herewith.

Counsel for Plaintiffs, Arias Ozzello & Gignac LLP ("AOG"), now apply to this Court for an order:

1. Awarding AOG attorneys' fees for its representation of all fourteen (14) employees who are participants in the Settlement Agreement in the amount of $59,125.00; and,

2. Reimbursing AOG for the reasonable expenses incurred in connection with this action in the amount of $21,367.00.

## II.

## ARGUMENT

**A. Courts Favor A Negotiated Fee Which Is Agreed Upon By The Parties.**

The United States Supreme Court has indicated that consensual resolution of attorneys' fee issues is the ideal toward which litigants should strive. In *Hensley v. Eckerhart* (1983) 461 U.S. 424, 437, the United States Supreme Court stated: "A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee." Further in *Hensley*, the Court noted twelve factors that should be used in

Page 3   Case No. 06-CV00050-OWW-SMS

PLAINTIFFS' APPLICATION FOR APPROVAL OF AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, ETC.

approving a settlement agreement:

> "(1) ***the time and labor*** required; (2) the novelty and difficulty of the questions; (3) the ***skill*** requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the ***customary fee***; (6) whether the fee is fixed or ***contingent***; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the ***results*** obtained; (9) ***the experience, reputation, and ability of the attorneys***; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d, at 717-719. These factors derive directly from the American Bar Association Code of Professional Responsibility, Disciplinary Rule 2-106."
>
> *Hensley v. Eckerhart*, 461 U.S. 424, 430 n. 3, 103 S.Ct. 1933.

The approach recommended by the United States Supreme Court in *Hensley*, is precisely the approach which the parties utilized in the settlement of this action.

In a Fair Labor Standards Act action, the code expressly provides for the imposition of attorneys' fees. Title 29 U.S.C. § 216 provides in pertinent part: "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Therefore the parties have followed the Supreme Court's approach above negotiating their fee under the code and stipulating to the concurrently filed Settlement Agreement.

As part of the Settlement Agreement, Defendant TID and Plaintiffs have stipulated that the settlement agreed upon is fair, reasonable and that no hearing is required. This settlement provides for the total fees and costs in the amount of $80,492.00 to be paid by Defendant TID. Each of the Plaintiffs to this action has received notification of these amounts, and has lodged no

Page 4   Case No. 06-CV00050-OWW-SMS

PLAINTIFFS' APPLICATION FOR APPROVAL OF AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, ETC.

inquiry or objection to counsel.

### B. The District Court Must Determine Whether The Amount And The Mode Of Payment Of Attorneys' Fees Is Fair And Proper.

In the context of a representative action settlement, the Ninth Circuit has held that, "a district court must carefully assess the reasonableness of a fee amount spelled out in a settlement agreement." *Staton v. Boeing*, 327 F.3d 938, 963 (9th Cir. 2003). As the Ninth Circuit stated in *Zucker v. Occidental Petroleum Corp.*, (1999) 192 F.3d 1323, 1328 (9th Cir. 1999): "[i]n a class action, whether the attorneys' fees come from a common fund <u>or are otherwise paid</u>, the district court must exercise its inherent authority to assure that the amount and mode of payment of attorneys' fees are fair and appropriate."

The reason for the requirement of district court scrutiny is self-evident. As the Ninth Circuit explained in *Staton*:

> "the assumption in scrutinizing a class action settlement agreement must be, and has always been, that the members of the class retain an interest in assuring that the fees to be paid class counsel are not unreasonably high."

*Staton*, 327 F.3d at 964.

Therefore, in ruling on an application for an award of attorneys' fees, the district court is "obligated to assure itself that the fees awarded ... [are] not unreasonably high, so as to ensure that the class members' interests were not compromised in favor of those of class counsel." *Id.*

///

///

///

///

Page 5    Case No. 06-CV00050-OWW-SMS

PLAINTIFFS' APPLICATION FOR APPROVAL OF AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, ETC.

1. **In Common Fund Class Action Suits, Attorneys Fees' May Be Calculated Either As A Percentage Of The Fund Or By The Lodestar Method.**

In common fund cases, where the effect of the settlement is to create a fund of money for distribution to the members of the class, "the district court has discretion to use either a percentage or lodestar method" in order to calculate the attorneys' fees to be awarded to counsel. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); see, also, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) ("Under Ninth Circuit law, the district court has discretion in common fund cases to choose either the percentage-of-the-fund or the lodestar method.")

Under the percentage-of-the-fund method of awarding attorneys' fees, the district court simply determines that counsel's percentage of the value of the common fund is reasonable. *Hanlon*, 150 F.3d at 1029. Here, of the total settlement amount, the fees represent a modest twenty-seven and one-half percent (27.5%). (Decl. of Mark A. Ozzello.)

As an alternative to the percentage-of-the-fund method, the district court may award attorneys' fees under the lodestar method. Under the lodestar method, the district court calculates the attorneys' fees to be awarded by determining the amount of time which was reasonably and necessarily spent by the attorneys and multiplying that amount by a reasonable hourly rate to arrive at a base lodestar figure. The district court then may apply a risk multiplier to the lodestar figure to arrive at a fair and reasonable award of attorneys' fees. *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1301 (9th Cir. 1994); *Staton*, 327 F.3d at 967-968. Here, and applying co-counsel's normal hourly rate, the fees represent approximately thirty-three and one third (33⅓%) of the total time expended. (Decl. of Mark A. Ozzello.)

Page 6   Case No. 06-CV00050-OWW-SMS

PLAINTIFFS' APPLICATION FOR APPROVAL OF AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, ETC.

Using either the percentage-of-the-fund or lodestar analysis, the agreed upon fee is fair and proper. Examining the fee request as a percentage-of-the-fund, the amount of fees is 27.5% of the total settlement. This is actually slightly reduced from the agreed upon percentages articulated in the retainer agreement between Plaintiffs and AOG. (Decl. of Mark A. Ozzello ¶ 7.) The time expended by Counsel was reasonable in amount and necessary to ensure the successful prosecution and resolution of this action. (Ozzello Decl., ¶ 9.) Using the lodestar approach, the fee is more than reasonable and fair because it represents significantly less time than that actually spent and counsel does not seek a multiplier. This comparison is purely intended to demonstrate the reasonableness of the settlement amount because the fee amount will be paid by Turlock Irrigation District separate and apart from the amounts paid to the class. (Ozzello Decl., ¶ 7.)

### 2. The settlement agreement is fair and proper because each employee will receive an amount tailored to wages owed.

Under the terms of the Settlement Agreement, every employee will recover an amount specifically tailored to each Plaintiff based upon: his rate of pay; the total number of hours in excess of 40 hours worked per week, over a two year statute of limitations period. Excellent results are an important factor. See, *Hensley v. Eckerhart,* 461 U.S. 424, 430 n. 3, 103 S.Ct. 1933.

### 3. The settlement agreement is fair and proper because Plaintiffs took significant risk because of the exemption issues involved.

The risks faced by counsel in this action were not insignificant. Counsel faced the risk that TID might prevail on the merits of one or more of its defenses to liability in this action. For instance, Defendant TID might have successfully argued that the test for the irrigation exemption in 29 USC

Page 7    Case No. 06-CV00050-OWW-SMS

PLAINTIFFS' APPLICATION FOR APPROVAL OF AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, ETC.

213(b)(12) had been satisfied. Risk is certainly a factor which must be considered. See, *In re Pac. Enter. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (finding attorneys' fees to be justified "because of the complexity of the issues and the risks").

### 4. The settlement agreement is fair and proper because Plaintiffs took significant risks by taking this case on a contingency basis.

Counsel undertook the risk of handling this action on a fully contingent basis. Counsel has expended significant time on this matter without any compensation and has advanced the significant costs necessary to pursue this action to its successful conclusion. Plainly, in the absence of their commitment to this case, Counsel could have devoted their efforts to one or more other class action matters. The financial burdens undertaken by Counsel merit consideration. See, *Torrisi v. Tuscon Elec. Power Co.*, 8 F.3d 1370, 1377 (9th Cir. 1993.) (considering counsel's bearing the financial burdens of the case).

///
///
///

Page 8   Case No. 06-CV00050-OWW-SMS

PLAINTIFFS' APPLICATION FOR APPROVAL OF AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, ETC.

## III.
## CONCLUSION

For all of the foregoing reasons, and on the basis of the authorities cited, Counsel respectfully request that this Court enter an order awarding attorneys' fees and reimbursing expenses in the form agreed upon.

Respectfully submitted,

Dated: August 24, 2007          ARIAS OZZELLO & GIGNAC LLP

By: _____
MIKE ARIAS
MARK A. OZZELLO
MIKAEL H. STAHLE
JASON E. BARSANTI
STEPHANIE C. LAI
Attorneys for Class Plaintiffs

## DECLARATION OF MARK A. OZZELLO

I, Mark A. Ozzello, declare as follows:

1. I am a partner with the law firm of Arias Ozzello & Gignac LLP ("AOG"), counsel for Plaintiffs in this matter. I am admitted to practice before all of the courts of the State of California and also the United States District Court of the Eastern District of California. I am a member in good standing of the California State Bar. I have personal knowledge of the matters stated herein. If called as a witness, I could and would testify truthfully and competently thereto under oath.

2. I submit this declaration in support of the Application of AOG for Award of Attorneys' Fees and Reimbursement of Expenses in this action.

3. The partners of AOG have been engaged in the representation of Plaintiffs in class action lawsuits in the telecommunications, insurance, employment, banking, securities, consumer fraud, antitrust, and toxic tort fields since 1990. During that time, my partners and I have been involved in the representation of Plaintiffs in more than 150 different class action cases and have been certified to act as Class Counsel in the Superior Court of the State of California, the United States District Court for the Central District of California, and federal district courts in various other jurisdictions throughout the country. If the Court desires a specific list articulating these cases, it will be provided upon request.

4. My firm's right to recover fees and costs in this litigation is wholly contingent upon my firm's ability to obtain a monetary recovery or other valuable relief for the benefit of the Plaintiffs by means of a settlement or judgment in this action. Similarly, my firm's right to be reimbursed for the expenses incurred in connection with this litigation is wholly contingent upon my firm's ability to obtain a monetary recovery or other valuable relief for the benefit of the Plaintiffs.

Page 10   Case No. 06-CV00050-OWW-SMS

PLAINTIFFS' APPLICATION FOR APPROVAL OF AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, ETC.

5. In this matter, AOG has agreed to take only twenty seven and one half percent (27.5%) of the total recovery as a fee. This percentage is lower than the clients agree to pursuant to written retainer. In addition, the Plaintiffs will pay nothing as Defendant Turlock Irrigation District has agreed to pay these sums.

6. For the convenience of the court, AOG has summarized the voluminous and highly detailed logs reflecting time spent on this case. This summary describes the time expended by each of the attorneys and professional staff members at my firm who performed legal services in connection with this litigation and the corresponding rates which are charged for their legal services. The original time records are available for submission to the Court upon request. A true and correct copy of the summarized time log is attached hereto as "**Exhibit A**." In addition, and although not required to do so, our firm spearheaded the contract negotiations which resulted in an appropriate $9.00 per hour raise for the PCCO's.

7. The time expended in connection with this litigation, when compared to the result achieved for the Class, is reasonable in amount and was necessary to ensure the successful prosecution and resolution of this action.

8. The figures and amounts reflected on Exhibit "A" do not include: (a) any multiplier or other factor to account for the risks involved in the case or the wholly contingent nature of my firm's representation of the Class; or (b) any adjustment for the complexity of the litigation, the level of the opposition encountered, the preclusion of other employment, or other factors which might justify a higher level of compensation for the work performed.

9. During the approximately two year period of time which my firm has been involved in this action, my firm has incurred a total of $21,367.00 (actually this amount is several hundred dollars more at this juncture, but the $21,367.00 was the amount at the time of the settlement) in expenses in

Page 11   Case No. 06-CV00050-OWW-SMS

PLAINTIFFS' APPLICATION FOR APPROVAL OF AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, ETC.

connection with this litigation. A summary of the expenses, which were reasonably and necessarily incurred in connection with the prosecution of this litigation, is included as part of Exhibit "A." All of the expenses reflected in Exhibit "A" were advanced by my firm, and none of these expenses have been reimbursed.

10. The expenses incurred by my firm in connection with this litigation are reflected on an expense by expense basis. In the financial records of my firm maintained by my firm's accounting department. These records are prepared from expense reports, check requests and cash receipts. These records are maintained in the ordinary course of business by AOG. These reports are available for submission to the Court upon request.

11. The rates charged for all internal expenses incurred by my firm (e.g. photocopying) are the same irrespective of whether the case is billable or contingent. As a result, the rates charged are necessarily market sensitive and market competitive since they are subject to and controlled by an overriding "check" imposed by the firm's cost paying clients.

12. During the course of this litigation, my firm has actively prosecuted the claims asserted on behalf of the Plaintiffs. The involvement of the attorneys at my firm included, inter alia: (a) conducting legal research concerning the bases for the claims filed in this action and the defenses raised thereto; (b) drafting various pleadings filed with the Court and opposing a Motion for Summary Judgment; (c) participating in voluminous discovery, including review of in excess of 15,000 documents; (d) preparation for and conducting depositions; (e) numerous conferences with our retained "water expert"; and, (f) participating in settlement conferences. All of this work was necessary in order to ensure the successful prosecution of the claims asserted on behalf of the Plaintiffs.

13. The negotiated Settlement Agreement was meant to be the final

Page 12    Case No. 06-CV00050-OWW-SMS

PLAINTIFFS' APPLICATION FOR APPROVAL OF AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, ETC.

settlement between Plaintiffs and Defendant. A true and correct copy of this Agreement has been submitted concurrently herewith.

14. In order to calculate each person's proportionate share of the settlement funds, my office accomplished the following:

1. We analyzed the work schedules of all Plaintiffs and determined the total number of days where each person worked a twelve hour shift.
2. We then calculated, again according to each person's schedule, the total number of hours worked in excess of 40 hours during each two week interval.
3. We then multiplied the number of overtime hours by ½ that person's hourly rate. The total amount due each person was then proportioned with all claimants' amounts as to the settlement fund.

15. All of these calculations have been provided to the Plaintiffs and we have received no comments from any Plaintiffs indicating a disagreement with either the methodology or the amount proportioned to each individual.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct and that this declaration was executed by me on August 24, 2007, at Los Angeles, California.

MARK A. OZZELLO

# EXHIBIT "A"

Page    2

Additional Charges :

|  |  | Amount |
|---|---|---:|
| 8/1/2005 | Postage | 2.95 |
|  | Fax | 7.00 |
|  | Copies | 21.25 |
| 9/1/2005 | Copies | 24.25 |
| 10/1/2005 | Copies | 12.75 |
|  | Postage | 4.01 |
| 11/1/2005 | Fax | 10.00 |
|  | Postage | 0.74 |
|  | Telephone | 0.60 |
| 12/1/2005 | Copies | 125.25 |
| 1/1/2006 | Postage | 4.86 |
|  | Telephone | 6.10 |
| 2/1/2006 | Postage | 5.37 |
|  | Fax | 43.00 |
| 3/1/2006 | Copies | 31.25 |
|  | Telephone | 0.40 |
| 3/24/2006 | Mileage | 4.05 |
|  | Parking | 30.00 |
| 4/1/2006 | Copies | 20.00 |
|  | Fax | 89.00 |
|  | Postage | 0.78 |
| 5/1/2006 | Fax | 15.00 |
|  | Postage | 3.03 |
| 7/1/2006 | Postage | 6.06 |

Page 3

| Date | Description | Amount |
|---|---|---:|
| 7/1/2006 | Fax | 25.00 |
| | Telephone | 24.60 |
| | Copies | 590.50 |
| 8/1/2006 | Telephone | 7.40 |
| | Fax | 7.00 |
| | Postage | 3.66 |
| | Copies | 295.50 |
| 8/27/2006 | Trv/Taxi/Tip | 25.00 |
| | Meals | 22.00 |
| 8/28/2006 | Trv/Taxi/Tip | 10.00 |
| | Trv/Taxi/Tip | 19.00 |
| 9/1/2006 | Telephone | 9.80 |
| | Fax | 6.00 |
| | Postage | 0.39 |
| | Copies | 19.00 |
| 10/1/2006 | Copies | 140.75 |
| | Telephone | 0.50 |
| 10/23/2006 | Mileage | 8.90 |
| | Trv/Taxi/Tip | 60.00 |
| | Meals | 14.02 |
| 11/1/2006 | Telephone | 0.60 |
| 12/1/2006 | Telephone | 3.00 |
| | Copies | 1,335.50 |
| 1/1/2007 | Telephone | 30.60 |
| | Copies | 626.75 |

Page 4

| Date | Type | Description | Amount |
|---|---|---|---:|
| 1/1/2007 | Postage | | 4.05 |
| | Fax | | 59.00 |
| 1/30/2007 | Parking | | 30.00 |
| | Meals | | 3.40 |
| 3/1/2007 | Copies | | 531.25 |
| 4/1/2007 | Telephone | | 0.20 |
| 5/29/2007 | Trv/Taxi/Tip | DEPOSITION OF MR. MONIER | 20.00 |
| | Hotel | DEPOSITION OF MR. MONIER | 249.98 |
| 5/30/2007 | Trv/Taxi/Tip | DEPOSITION OF MR. MONIER | 22.00 |
| 6/24/2007 | Trv/Taxi/Tip | | 18.00 |
| | Trv/Taxi/Tip | Airfare | 214.30 |
| | Hotel | | 172.49 |
| | Meals | | 21.30 |
| | Meals | | 22.67 |
| 6/25/2007 | Hotel | | 133.58 |
| | Trv/Taxi/Tip | Taxi | 55.00 |
| 8/22/2007 | Accounting | Quick Books Costs | 16,888.52 |

Total additional charges  $22,198.91

Total amount of this bill  $196,681.41

Balance due  $196,681.41

All invoices are due and payable upon receipt.

User Summary

| Name | Hours | Rate | Amount |
|---|---:|---:|---:|
| Jason Barsanti | 55.60 | 300.00 | $16,680.00 |
| Louis Pacella | 3.50 | 275.00 | $962.50 |

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the State of California, County of Los Angeles. I am over the age of 18 and not a party to the within suit; my business address is 6701 Center Drive West, Suite 1400, Los Angeles, California 90045.

On **August 24, 2007**, I served the foregoing document described as: **APPLICATION FOR APPROVAL OF AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND DECLARATION OF MARK A. OZZELLO IN SUPPORT THEREOF** on the interested parties in this action by sending [ ] the original [or] [✓] a true copy thereof [✓] to interested parties as follows [or] [ ] as stated on the attached service list:

Matthew J. Ruggles, Esq.
***Littler Mendelson***
2520 Venture Oaks Way, Suite 390
Sacramento, California 95833
Tel: (916) 830-7200
Fax: (916) 561-0828
mruggles@littler.com

[✓] **BY MAIL (enclosed in a sealed envelope):** I deposited the envelopes for mailing in the ordinary course of business at Los Angeles, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, the sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[ ] **BY FAX:** I hereby certify that this document was served by facsimile delivery on the parties listed herein at their most recent fax number of record in this action from Los Angeles, California.

[ ] **BY E-MAIL:** I hereby certify that this document was served by e-mail delivery on the parties listed herein at their most recent e-mail addresses of record in this action.

[ ] **BY PERSONAL SERVICE (enclosed in a sealed envelope):** I delivered such envelope by hand to the offices of the addressees named herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **August 24, 2007** at Los Angeles, California.

Leandra Kamba
Type or Print Name                               Signature