1  THEODORA R. LEE, Bar No. 129892
   LITTLER MENDELSON
2  A Professional Corporation
   650 California Street, 20th Floor
3  San Francisco, CA  94108.2693
   Telephone:    415.433.1940
4
   MATTHEW J. RUGGLES, Bar No. 173052
5  LITTLER MENDELSON
   A Professional Corporation
6  2520 Venture Oaks Way, Suite 390
   Sacramento, CA  95833.4227
7  Telephone:    916.830.7200

8  Attorneys for Defendant
   TURLOCK IRRIGATION DISTRICT
9
   MIKE ARIAS, Bar No. 115385
10 MARK A. OZZELLO, Bar No. 116595
   ARIAS, OZZELLO & GIGNAC, LLP
11 6701 Center Drive West, Suite 1400
   Los Angeles, CA 90045
12 Telephone:    310.670.1600

13 Attorneys for Plaintiffs
   GERALD AVILA AND TOM SOUZA
14

15                 **UNITED STATES DISTRICT COURT**

16                 **EASTERN DISTRICT OF CALIFORNIA**

17

18 | GERALD AVILA, an individual; TOM | Case No.  06-CV00050-OWW-SMS |
   | SOUZA, an individual; on behalf of | |
19 | themselves and all others similarly situated, | **JOINT EX PARTE APPLICATION FOR** |
   | | **APPROVAL OF FINAL SETTLEMENT;** |
20 | Plaintiffs, | **MEMORANDUM OF POINTS AND** |
   | | **AUTHORITIES IN SUPPORT THEREOF** |
21 | v. | |
   | | [Filed concurrently with Application for |
22 | TURLOCK IRRIGATION DISTRICT, a | Approval of Award of Attorneys' Fees and |
   | California Public Agency, and DOES 1 | Reimbursement of Expenses] |
23 | through 10, inclusive, | |
   | | Date:    N/A |
24 | Defendant. | Time:    N/A |
   | | Ctrm:    3, 7th Floor |
25 | | Judge:   Oliver W. Wanger |

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA  95833.4227
916.830.7200

**EX PARTE APPLICATION**

Plaintiffs Gerald Avila and Tom Souza, and Defendant Turlock Irrigation District, by and through their attorneys of record, hereby submit the following *ex parte* Application for Approval of the Stipulation for Settlement in the above-referenced matter.

1. On January 17, 2006, Plaintiffs Gerald Avila and Tom Souza filed a Complaint in the United States District Court for the Eastern District of California, seeking recovery of alleged unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 201, *et seq.*, thereby commencing a civil lawsuit presently pending in this Court and entitled *Gerald Avila, et al. v. Turlock Irrigation District*, Case No. 06-CV-00050 OWW/SMS ("the Lawsuit"). On March 20, 2006, the District filed its Answer to Plaintiffs' Complaint and denied their allegations.

2. On July 12, 2006, the District filed a motion for summary judgment on the grounds that the "irrigation worker" exemption set forth in 29 U.S.C. section 213(b)(12) applies to the PCCOs and Apprentice PCCOs employed by the District, and therefore Plaintiffs were not entitled to overtime wages under the FLSA. By order dated November 27, 2006, the Court partially granted the District's motion for summary judgment regarding application of the irrigation worker exemption to the PCCOs and Apprentice PCCOs. However, the Court denied the District's motion for summary judgment as to the issue of whether at least 90 percent of the water supplied by TID is supplied for agricultural purposes.

3. On February 24, 2007, the Court ordered that this case be bifurcated pursuant to Rule 42(b) of the Federal Rules of Civil Procedure on the unresolved issue of application of the irrigation exemption under 29 U.S.C. section 213(b)(12) and that a separate trial limited to the unresolved issue of application of the irrigation exemption under 29 U.S.C. section 213(b)(12) be held on June 26, 2007. At the joint request of the parties, the bifurcated trial was continued sixty (60) days to August 28, 2007.

4. Both parties, through their counsel, are familiar with the facts of the case and the legal issues raised by the pleadings. The parties have engaged in negotiations directed towards settlement of this matter since October 2006. The terms and conditions of settlement reflected in this Stipulation are a product of those negotiations, which were conducted at arm's length and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA  95833.4227
916.830.7200

Firmwide:82051037.1 017072.1039                    1                    Case No.  06-CV00050-OWW-SMS

JOINT EX PARTE APPLICATION FOR APPROVAL OF FINAL SETTLEMENT

1  finalized in a mediation on June 25, 2007.

2       5.     Plaintiffs, the District, and their respective counsel, stipulate and agree that the

3  terms and conditions of settlement set forth in this Stipulation are fair, reasonable, and in the best

4  interest of the Plaintiffs.

5       6.     To avoid the time, expense and attorney's fees needed to prepare and conduct

6  the upcoming bifurcated trial, scheduled for August 28, 2007, the parties jointly request that the

7  court approve the attached Stipulation for Settlement (**Exhibit "A"**) and the accompanying proposed

8  order.  In addition, all Plaintiffs have executed a "Settlement Approval and Release Form, attached

9  hereto as **Exhibit "B**."

10       For these reasons, the parties respectfully request that the Court issue an Order

11  pursuant to the terms stated herein, as agreed to by the parties.

12  Dated: August 24, 2007

13

14          /s/  Matthew J. Ruggles (authorized 8/24/07)
        THEODORA R. LEE

15          MATTHEW J. RUGGLES
        LITTLER MENDELSON

16          A Professional Corporation
        Attorneys for Defendant

17          TURLOCK IRRIGATION DISTRICT

18  Dated: August 24, 2007

19

20          MARK A. OZZELLO

21          ARIAS OZZELLO & GIGNAC LLP
        Attorneys for Plaintiffs
        GERALD AVILA and TOM SOUZA

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### INTRODUCTION

This is a class action lawsuit filed by two current employees of Defendant Turlock Irrigation District. Plaintiffs seek recovery of alleged unpaid overtime wages under the Fair Labor Standards Act. Plaintiffs purport to represent a class of current and former employees of the District.

On June 25, 2007, the parties conducted a mediation that resulted in a settlement agreement. Specifically, the District agreed to pay Plaintiffs and their counsel the total sum of $215,000.00 in exchange for dismissal of the lawsuit. All Plaintiffs have reviewed and approved the terms of the Settlement Agreement, and have executed a Settlement Approval and Release of Claims forms that are attached as exhibits to the Stipulation for Settlement.

### II.
### ARGUMENT

#### A.     The Court Should Approve The Settlement Agreement.

There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under 29 U.S.C. section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages.

The other alternative for settlement of FLSA claims is provided in the context of lawsuits brought directly by employees against their employer under 29 U.S.C. section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *See Schulte, Inc. v. Gangi*, 328 U.S. 108; *Jarrod v. Southeastern Shipbuilding Corporation*, 163 F.2d 960, 961 (5th Cir. 1947) (approving res judicata effect of a state court stipulated judgment).

Before a court may approve a settlement in an FLSA collective action, it must first determine whether the settlement is fair and reasonable. *Lynn's Food Stores, Inc. v. United States,*

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

Firmwide:81362683.1 017072.1039                 3                 Case No. 06-CV00050-OWW-SMS

JOINT EX PARTE APPLICATION TO APPROVAL OF FINAL SETTLEMENT

1   679 F.2d 1350, 1352-53 (11th Cir. 1982).  Cases interpreting the FRCP Rule 23(c) fair, reasonable

2   and adequate standard applied in class actions are instructive and may be applied in judicial review

3   of an FLSA collective action settlement. *Camp v. Progressive Corp.*, 2004 U.S. Dist. LEXIS 19172,

4   at 16.   However, because plaintiffs are required to opt in to an FLSA collective action, judicial

5   scrutiny of a collective action settlement need not be as stringent as in a Rule 23 class action,

6   because all of the parties who will be bound are presently before the court.

7            Accordingly, the two-step fairness process in class actions does not apply to FLSA

8   collective actions, nor do the proponents of a settlement need to certify a "settlement class" as under

9   *Amchem Prods., Inc. v. Windsor*, 1175 S.Ct. 2231 (1997).  However, because FLSA claims cannot

10  be settled without the approval of the DOL or a judge, a completely private settlement is not feasible

11  either. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945 ).

12           Under the facts of this case, the court should approve the stipulation for settlement on

13  an *ex parte* or summary basis without a hearing because the parties are not attempting to enter into a

14  "purely private settlement" under the FLSA and because a *bona fide* dispute as to liability existed as

15  to whether the irrigation exemption under 29 U.S.C. section 213(b)(12) applied to the PCCOs and

16  Apprentice PCCOs.  The Plaintiffs are represented by counsel and have been offered significant

17  compensation for their claims.  Furthermore, all of the plaintiffs are expected to sign the Settlement

18  Approval and Release form.  Consequently, all of the members of the "class" have agreed that the

19  settlement is fair and reasonable, and as a result no objections will be made.

20  ///

21  ///

22  ///

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

Firmwide:81362683.1 017072.1039          4          Case No.  06-CV00050-OWW-SMS

JOINT EX PARTE APPLICATION TO APPROVAL OF FINAL SETTLEMENT

**III.**
**CONCLUSION**

For all the foregoing reasons, the parties request that the Court grant their Ex Parte Application for an Order bifurcating the case and modifying the Scheduling Order.

Dated: August 24, 2007

/s/  Matthew J. Ruggles (authorized 8/24/07)
THEODORA R. LEE
MATTHEW J. RUGGLES
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
TURLOCK IRRIGATION DISTRICT

Dated: August 24, 2007

MARK A. OZZELLO
ARIAS OZZELLO & GIGNAC LLP
Attorneys for Plaintiffs
GERALD AVILA and TOM SOUZA

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA  95833.4227
916.830.7200

Firmwide:81362683.1 017072.1039                    5                    Case No.  06-CV00050-OWW-SMS

JOINT EX PARTE APPLICATION TO APPROVAL OF FINAL SETTLEMENT

# EXHIBIT "A"

1 | THEODORA R. LEE, Bar No. 129892
LITTLER MENDELSON
2 | A Professional Corporation
650 California Street, 20th Floor
3 | San Francisco, CA 94108.2693
Telephone:    415.433.1940
4 |
MATTHEW J. RUGGLES, Bar No. 173052
5 | LITTLER MENDELSON
A Professional Corporation
6 | 2520 Venture Oaks Way, Suite 390
Sacramento, CA 95833.4227
7 | Telephone:    916.830.7200

8 | Attorneys for Defendant
TURLOCK IRRIGATION DISTRICT
9 |
MIKE ARIAS, Bar No. 115385
10 | MARK A. OZZELLO, Bar No. 116595
ARIAS, OZZELLO & GIGNAC, LLP
11 | 6701 Center Drive West, Suite 1400
Los Angeles, CA 90045
12 | Telephone:    310.670.1600

13 | Attorney for Plaintiffs
GERALD AVILA AND TOM SOUZA
14 |
UNITED STATES DISTRICT COURT
15 |
EASTERN DISTRICT OF CALIFORNIA
16 |

GERALD AVILA, an individual; TOM      Case No.  06-CV-00050-OWW-SMS
17 | SOUZA, an individual; on behalf of
themselves and all others similarly situated,   **STIPULATION FOR SETTLEMENT AND**
18 |                                                                      **[PROPOSED] ORDER**
                                         Plaintiffs,
19 |
                    v.
20 |
TURLOCK IRRIGATION DISTRICT, a
21 | California Public Agency, and DOES 1
through 10, inclusive,
22 |
                                         Defendant.
23 |

24 |

25 |

26 |

27 |

28 |

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

Case No.  06-CV-00050-OWW-SMS

STIPULATION FOR SETTLEMENT AND [PROPOSED] ORDER

1           This Stipulation for Settlement (the "Stipulation") is entered into between Plaintiffs

2 Gerald Avila and Tom Souza, individually and on behalf of a class of similarly situated employees

3 of Turlock Irrigation District (collectively, "Plaintiffs"),[1] through their attorneys, Arias, Ozzello &

4 Gignac, LLP, and Defendant Turlock Irrigation District (the "District"), through its attorneys, Littler

5 Mendelson, P.C.

6 **I.    STIPULATED RECITALS**

7           A.    On January 17, 2006, Plaintiffs Gerald Avila and Tom Souza filed a

8 Complaint in the United States District Court for the Eastern District of California, seeking recovery

9 of alleged unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section

10 201, *et seq.*, thereby commencing a civil lawsuit presently pending in this Court and entitled *Gerald*

11 *Avila, et al. v. Turlock Irrigation District*, Case No. 06-CV-00050 OWW/SMS ("the Lawsuit"). On

12 March 20, 2006, the District filed its Answer to Plaintiffs' Complaint and denied their allegations.

13           B.    Plaintiff Gerald Avila formerly was employed as a Power Control Center

14 Operator ("PCCO"). Plaintiff Tom Souza remains employed by the District as a PCCO. Plaintiffs

15 purport to represent a class of current and former employees of the District in two positions: PCCOs

16 and Apprentice PCCOs. Plaintiffs allege that the PCCOs and Apprentice PCCOs improperly were

17 designated as "exempt" from the overtime pay requirements of the FLSA, and therefore were not

18 paid overtime for all work performed in excess of 40 hours per week.

19           C.    On July 12, 2006, the District filed a motion for summary judgment on the

20 grounds that the "irrigation worker" exemption set forth in 29 U.S.C. section 213(b)(12) applies to

21 the PCCOs and Apprentice PCCOs employed by the District, and therefore Plaintiffs were not

22 entitled to overtime wages under the FLSA. By order dated November 27, 2006, the Court partially

23 granted the District's motion for summary judgment regarding application of the irrigation worker

24 exemption to the PCCOs and Apprentice PCCOs. However, the Court denied the District's motion

25 for summary judgment as to the issue of whether at least 90 percent of the water supplied by TID is

26 supplied for agricultural purposes. On February 24, 2007, the Court ordered that this case be

27

28

---

[1] Plaintiffs comprise those individuals: (1) who have filed Consent forms to join this Lawsuit pursuant to 29 U.S.C. § 216(b); (2) who have not filed Notices of Withdrawal as of the date of the Stipulation's execution; and (3) who are identified in Exhibit A, attached to this Stipulation.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

1.

Case No. 06-CV-00050-OWW-SMS
STIPULATION FOR SETTLEMENT AND [PROPOSED] ORDER

1   bifurcated pursuant to Rule 42(b) of the Federal Rules of Civil Procedure on the unresolved issue of

2   application of the irrigation exemption under 29 U.S.C. section 213(b)(12) and that a separate trial

3   limited to the unresolved issue of application of the irrigation exemption under 29 U.S.C. section

4   213(b)(12) be held on June 26, 2007.  At the joint request of the parties, the bifurcated trial was

5   continued sixty (60) days to August 28, 2007.

6          D.    Plaintiffs filed a motion for conditional certification of the Lawsuit as a

7   collective action under the FLSA on August 1, 2006.  The District filed a Statement of Non-

8   Opposition to Plaintiffs' motion.  By order dated November 3, 2006, the Court granted Plaintiffs'

9   motion for conditional certification and authorized notice to all similarly situated PCCOs and

10  Apprentice PCCOs.

11         E.    Following the issuance of notice approved by the Court, 14 individuals filed a

12  Notice of Consent to Join Action Pursuant.  Since the expiration of the opt-in period and as of the

13  date of execution of this Stipulation, none of the Plaintiffs have filed a Notice of Withdrawal.

14         F.    The parties have engaged in substantial discovery, both prior to the Court's

15  Order conditionally certifying a collective class and following the expiration of the period within

16  which individuals were permitted to file Consent Forms to participate in the Lawsuit pursuant to 29

17  U.S.C. section 216(b).  Plaintiffs deposed members of the District's managerial staff, and the parties

18  exchanged extensive and comprehensive written discovery requests, including interrogatories and

19  requests for production of documents.  The District produced documentation regarding the

20  individual Plaintiffs, the District's payroll, employment and training policies, and other matters

21  relevant to the issues raised by the parties' pleadings and Plaintiffs' employment as PCCOs and

22  Apprentice PCCOs.  Additionally, Plaintiffs conducted extensive third-party discovery regarding

23  potential application of the irrigation worker exemption under the FLSA.

24         G.    Both parties, through their counsel, are familiar with the facts of the case and

25  the legal issues raised by the pleadings.  The parties have engaged in negotiations directed towards

26  settlement of this matter since October 2006.  The terms and conditions of settlement reflected in

27  this Stipulation are a product of those negotiations, which were conducted at arm's length and

28  finalized in a mediation on June 25, 2007.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 300
Sacramento, CA 95833-4227
916.830.7200

1       H.    The District denies any liability or wrongdoing of any kind associated with the

2 claims alleged in the Lawsuit. The District contends that it has complied at all times with the FLSA,

3 that the claims alleged in the Complaint are not suitable for treatment as a collective action, and that

4 its PCCOs and Apprentice PCCOs properly are classified as exempt from the overtime requirements

5 imposed by the FLSA pursuant to the "irrigation worker" exemption set forth at 29 U.S.C. section

6 213(b)(12).   Nevertheless, the District has entered into this Stipulation to avoid the cost and

7 inconvenience of further litigation.   Plaintiffs have entered into this Stipulation because the

8 settlement reflects a reasonable compromise of the parties' disputed issues, chiefly, to what extent

9 Plaintiffs are owed unpaid overtime wages and whether the irrigation worker exemption set forth in

10 29 U.S.C. 213(b)(12) applies to the PCCOs and Apprentice PCCOs.

11       I.    Plaintiffs, the District, and their respective counsel, stipulate and agree that the

12 terms and conditions of settlement set forth in this Stipulation are fair, reasonable, and in the best

13 interest of the Plaintiffs. Nothing in this Stipulation shall be construed or deemed to be an admission

14 of liability or wrongdoing on the part of the District. Pursuant to Federal Rule of Evidence 408, this

15 Stipulation shall not be admissible in evidence in any proceeding; except that the Stipulation may be

16 filed and used in this Lawsuit or any related litigation as necessary to approve, interpret, or enforce

17 this Stipulation, or in any subsequent action against or by the District to support a stay of such

18 subsequent action, or to establish a defense of res judicata, collateral estoppel, waiver, release, or any

19 other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20 **II.**    **DISMISSAL OF THE LAWSUIT WITH PREJUDICE**

21       A.    Pursuant to the terms and conditions of this Stipulation, Plaintiffs agree that

22 their claims alleged in the Lawsuit may and should be dismissed by the Court with prejudice. The

23 parties will be responsible for their own costs and attorneys' fees except as otherwise provided in

24 this Stipulation.

25 **III.**    **SETTLEMENT CONSIDERATION**

26       A.    In exchange for (1) the dismissal of the Lawsuit described in Section I; (2) the

27 Plaintiffs' execution of the Settlement Approval and Release of claims as described in Section IV;

28 and otherwise subject to the terms and conditions of this Stipulation, the District agrees to pay

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

3.      Case No. 06-CV-00050-OWW-SMS

STIPULATION FOR SETTLEMENT AND [PROPOSED] ORDER

1   Plaintiffs the total aggregate sum of One Hundred and Thirty-Four Thousand Five Hundred and

2   Eight Dollars ($134,508.00) ("the Settlement Amount"), exclusive of Plaintiffs' statutory attorney's

3   fees and costs, to resolve the Settled Claims, as further defined in Section IV below.

4       B.  The parties agree that the Settlement Amount shall be allocated as follows:

5         1.  Fifty percent (50%) of all sums allocated to each Plaintiff shall be

6   designated as W-2 wages ("the W-2 Wages Portion"). The District shall deduct all applicable

7   withholding taxes and other amounts required by law from the sum allocated to each individual

8   Plaintiff ("the Withholding Amount"), and the District will issue a W-2 form to each individual

9   Plaintiff reflecting payment of the W-2 Wages Portion of the Settlement Amount.

10         2.  Fifty percent (50%) of all sums allocated to each Plaintiff shall be

11   designated as Form 1099 income for liquidated damages ("the Liquidated Damages Portion"), and

12   the District shall issue a Form 1099 to each Plaintiff reflecting payment of the Liquidated Damages

13   Portion of the Settlement Amount.

14         3.  Arias, Ozzello & Gignac, LLP shall allocate the W-2 Wages Portion

15   and the Liquidated Damages Portion of the Settlement Agreement among the Plaintiffs, as set forth

16   in the attached Exhibit A. The District adopts this allocation as its offer of settlement to each

17   Plaintiff.

18         4.  The settlement amounts were tailored to each Plaintiff based on his

19   rate of pay, the alleged number of hours worked per week, the number of weeks worked in a two-

20   year statute of limitations period, and other factors unique to each individual.

21         5.  The District agrees to pay, pursuant to statute, the sum of Eighty

22   Thousand Four Hundred Ninety-Two Dollars ($80,492.00) to Arias, Ozzello & Gignac, LLP.

23   Concurrently with the filing of this Stipulation, Plaintiffs' counsel, Arias, Ozzello & Gignac, LLP,

24   shall file an Application for Attorney's Fees. The District shall issue a Form 1099 to Arias, Ozzello

25   and Gignac, LLP, Tax ID No. 95-4853488, reflecting this payment.

26       C.  Plaintiffs shall be solely responsible for payment of any and all federal, state

27   and local taxes due on the amounts payable under this Stipulation, with the sole exception of the

28   District's statutory tax obligation under FUTA/FICA, and Plaintiffs will indemnify, defend, and hold

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA  95833.4227
916.830.7200

4.     Case No. 06-CV-00050-OWW-SMS

STIPULATION FOR SETTLEMENT AND [PROPOSED] ORDER

1   the District harmless from and against any and all costs, interest, liability or penalties relating to such

2   taxes or penalties.  Neither Plaintiffs nor Arias, Ozzello & Gignac, LLP will be eligible for or claim

3   entitlement to any further payment, including any payment of attorney's fees, except as otherwise

4   provided by this Stipulation.  Plaintiffs agree to provide the District with their last known mailing

5   address in order to facilitate delivery of appropriate tax-related notices.

6          D.     The District shall make payment of the Settlement Amount, in accordance

7   with the provisions of Section III.B. of this Stipulation, by delivery of two (2) settlement checks for

8   each Plaintiff participating in the settlement and a single check representing Plaintiffs' Legal Costs

9   and Fees to the offices of Arias, Ozzello & Gignac, LLP within thirty (30) days following the

10  Court's entry of Final Judgment of Dismissal.

11  **IV.    WAIVER AND RELEASE OF CLAIMS AND COVENANT NOT TO SUE**

12         A.     As a material inducement to the District to enter into this Stipulation, and in

13  consideration of the District's promise to make the payments set forth in Section III of this

14  Stipulation, each Plaintiff has executed a Settlement Approval and Release of claims in a form

15  similar to Exhibit B attached to this Stipulation and has expressly released all claims asserted in this

16  Lawsuit; all claims involving and/or relating to alleged unpaid overtime or regular wages under

17  federal law, including the FLSA; as well as claims involving and/or relating to similar state laws that

18  establish a right to overtime, premium pay, or other wages; any claim related to meal or rest periods;

19  interest on any alleged overtime or other wage payment claim; liquidated and/or any other form of

20  punitive or penalty damages; and any other available monetary relief, including attorney's fees, for

21  failure to pay all monies due for hours worked ("the Settled Claims").  Pursuant to such Release of

22  claims, Plaintiffs covenant and agree not to sue or bring any judicial action, whether federal or state,

23  now or at any future time, against the District with respect to any Settled Claim.

24  **V.     APPROVAL OF FINAL SETTLEMENT**

25         A.     The parties agree that the settlement set forth in this Stipulation is fair and

26  reasonable, and that no hearing before the Court is required.

27

28

1    **VI.    REPRESENTATIONS OF COUNSEL**

2              A.    Arias, Ozzello & Gignac, LLP represents and warrants that, within four weeks

3    of the entry of Final Judgment of Dismissal of the Lawsuit, they will destroy all documents produced

4    by the District or return said documents to the District's counsel, including all electronic data, unless

5    such documents or data were attached to the pleadings, memoranda, or other papers filed with the

6    Court.

7    **VII.   MISCELLANEOUS PROVISIONS**

8              A.    This Stipulation and compliance with this Stipulation shall not be construed as

9    an admission by the District of any liability or wrongdoing whatsoever, or as an admission by the

10   District of any violation of any Plaintiff's rights or the rights of any other person, or as a violation of

11   any order, law, statute, duty or contract whatsoever as to any Plaintiff or any person.  The District

12   specifically disclaims any liability to Plaintiffs or any other person for any alleged violation of

13   Plaintiff's rights, or the rights of any other person, or for any alleged violation of any order, law,

14   statute, duty or contract by the District.

15             B.    The validity of this Stipulation and any of its provisions and conditions, as

16   well as the rights and duties of the parties, shall be interpreted and construed pursuant to and in

17   accordance with the internal laws, and not the law of conflicts, of the State of California, except to

18   the extent otherwise governed by the laws of the United States.

19             C.    This Stipulation, the Exhibits attached hereto, and the documents expressly

20   referenced herein, constitute the entire agreement between the parties concerning the subject matter

21   hereof.  No extrinsic oral or written representations or terms shall modify, vary or contradict the

22   terms of the Stipulation.

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833-4227
916.830.7200

6.                    Case No.  06-CV-00050-OWW-SMS

STIPULATION FOR SETTLEMENT AND [PROPOSED] ORDER

1         To be effective, any amendment to this Stipulation must be made in writing and

2   signed by counsel for the parties.

3

4   Dated: August 24, 2007

5   _____

6   THEODORA R. LEE
    MATTHEW J. RUGGLES
    LITTLER MENDELSON
7   A Professional Corporation
    Attorneys for Defendant
8   TURLOCK IRRIGATION DISTRICT

9

10  Dated: August 24, 2007

11  _____

12  MARK A. OZZELLO
    ARIAS, OZZELLO & GIGNAC, LLP
    Attorneys for Plaintiffs
13  GERALD AVILA AND TOM SOUZA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833-4227
916.830.7200

7.

Case No. 06-CV-00050-OWW-SMS

STIPULATION FOR SETTLEMENT AND [PROPOSED] ORDER

1

## <u>ORDER</u>

2

**WHEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED THAT:**

3

4

    1.      The Stipulation is APPROVED as set forth herein.

5

    2.      Upon payment of the monies pursuant to the terms enclosed, this action shall be DISMISSED WITH PREJUDICE, without costs to either party.

6

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

7

8

DATED:_____

9

                              THE HONORABLE OLIVER W. WANGER
                              Judge of the United States District Court

10

11

12

13   Firmwide:82829168.1 017072.1039

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

STIPULATION FOR SETTLEMENT AND [PROPOSED] ORDER

# EXHIBIT "B"

**EXHIBIT B**

### SETTLEMENT APPROVAL AND RELEASE FORM FOR GERALD AVILA

Re:  *Gerald Avila, et al. v. Turlock Irrigation District*
     **Case No. 06-CV-00050 OWW/SMS**

This Settlement Approval and Release Form is executed by the undersigned with respect to claims asserted in the above-referenced lawsuit ("the Lawsuit") filed against Turlock Irrigation District ("the District"), pursuant to the terms and conditions set forth in the Stipulation for Settlement ("the Stipulation") which is incorporated herein by reference.

Having reviewed and agreed to the terms of the Stipulation and having reviewed all available public court documents to the extent I desired to do so, I wish to participate in the settlement.

    (a)    I understand and agree that the total amount of the Settlement is $215,000.00 as to all claims of all claimants.

    (b)    I understand and agree that the total number of claimants is fourteen (14) and that the total amount to be distributed to all claimants is $134,508.00.

    (c)    I understand and agree that the amount to be paid to each person shall be determined as a percentage of the total fund, taking into consideration the person's applicable wage rate and the hours of overtime worked.

    (d)    I understand that my payment will come in two separate amounts in a single disbursement and that all applicable withholding taxes and other amounts required by law will be withheld as discussed below.

    (e)    I understand and agree that the District shall, pursuant to statute, pay Arias Ozzello & Gignac LLP the amount of $80,492.00 for the fees and costs incurred in the prosecution of this action.

**Accordingly, I state the following:**

1.    I was employed by the District as a Power Control Center Operator and during that time, I periodically worked more than forty hours in a single workweek for which I did not get paid overtime wages.

2.    I acknowledge that I have filed a Notice of Consent to Join Action Pursuant to 29 U.S.C. § 216(b) as a plaintiff and I wish to participate in the Settlement and hereby agree to the dismissal of my claims in the Lawsuit with prejudice. I understand that through this Settlement Agreement the District does not admit any wrongdoing or liability. I agree that settlement in the net amount of $11,157.00 is a fair settlement of all my disputed claims for overtime wages, other compensation and liquidated damages against the District. I understand that one half (1/2) of this amount, the sum of $5,578.50 shall be designated as overtime compensation and the District shall deduct all applicable employee taxes. The other one half (1/2) of this amount, $5,578.50, shall be designated as "liquidated damages", for which I will be responsible for any applicable taxes.

3.    I understand that I am solely responsible for all taxes due on the amounts payable pursuant to this settlement, with the exception of the District's statutory tax obligation under FUTA/FICA, and I will indemnify and defend the District from and against all costs and liabilities relating to such tax obligations.

4.    In exchange for payment in accordance with this settlement and by executing this form, I hereby waive and release the District from any federal, state or local charges, claims, demands, actions, liabilities, suits, or causes of action at law or in equity or otherwise, involving and/or relating to alleged unpaid overtime or regular wages under federal law, including the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), as well as claims involving and/or relating

**EXHIBIT B**

to similar state laws that establish a right to overtime, premium pay, or other wages; any claim related to meal or rest periods; interest on any alleged overtime or other wage payment claim; liquidated and/or any other form of punitive or penalty damages; and any other available monetary relief, including attorney's fees, for failure to pay all monies due for hours worked.  I also agree to be bound by the judgment and release in this case.  By entering this release, I recognize that I am waiving claims of which I may not be aware, and I am waiving the provisions of the California Civil Code Section 1542 and similar laws in other jurisdictions. California Civil Code § 1542 provides "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Dated: _AUGUST  18_ , 2007          _Gerald Avila._

Gerald Avila

**EXHIBIT B**

## SETTLEMENT APPROVAL AND RELEASE FORM FOR DALE KRUTOFF

**Re:**  *Gerald Avila, et al. v. Turlock Irrigation District*
        **Case No. 06-CV-00050 OWW/SMS**

This Settlement Approval and Release Form is executed by the undersigned with respect to claims asserted in the above-referenced lawsuit ("the Lawsuit") filed against Turlock Irrigation District ("the District"), pursuant to the terms and conditions set forth in the Stipulation for Settlement ("the Stipulation") which is incorporated herein by reference.

Having reviewed and agreed to the terms of the Stipulation and having reviewed all available public court documents to the extent I desired to do so, I wish to participate in the settlement.

(a)    I understand and agree that the total amount of the Settlement is $215,000.00 as to all claims of all claimants.

(b)    I understand and agree that the total number of claimants is fourteen (14) and that the total amount to be distributed to all claimants is $134,508.00.

(c)    I understand and agree that the amount to be paid to each person shall be determined as a percentage of the total fund, taking into consideration the person's applicable wage rate and the hours of overtime worked.

(d)    I understand that my payment will come in two separate amounts in a single disbursement and that all applicable withholding taxes and other amounts required by law will be withheld as discussed below.

(e)    I understand and agree that the District shall, pursuant to statute, pay Arias Ozzello & Gignac LLP the amount of $80,492.00 for the fees and costs incurred in the prosecution of this action.

**Accordingly, I state the following:**

1.     I was employed by the District as a Power Control Center Operator and during that time, I periodically worked more than forty hours in a single workweek for which I did not get paid overtime wages.

2.     I acknowledge that I have filed a Notice of Consent to Join Action Pursuant to 29 U.S.C. § 216(b) as a plaintiff and I wish to participate in the Settlement and hereby agree to the dismissal of my claims in the Lawsuit with prejudice. I understand that through this Settlement Agreement the District does not admit any wrongdoing or liability. I agree that settlement in the net amount of $4,107.00 is a fair settlement of all my disputed claims for overtime wages, other compensation and liquidated damages against the District. I understand that one half (1/2) of this amount, the sum of $2,053.50 shall be designated as overtime compensation and the District shall deduct all applicable employee taxes. The other one half (1/2) of this amount, $2,053.50, shall be designated as "liquidated damages", for which I will be responsible for any applicable taxes.

3.     I understand that I am solely responsible for all taxes due on the amounts payable pursuant to this settlement, with the exception of the District's statutory tax obligation under FUTA/FICA, and I will indemnify and defend the District from and against all costs and liabilities relating to such tax obligations.

4.     In exchange for payment in accordance with this settlement and by executing this form, I hereby waive and release the District from any federal, state or local charges, claims, demands, actions, liabilities, suits, or causes of action at law or in equity or otherwise, involving and/or relating to alleged unpaid overtime or regular wages under federal law, including the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), as well as claims involving and/or relating

**EXHIBIT B**

to similar state laws that establish a right to overtime, premium pay, or other wages; any claim related to meal or rest periods; interest on any alleged overtime or other wage payment claim; liquidated and/or any other form of punitive or penalty damages; and any other available monetary relief, including attorney's fees, for failure to pay all monies due for hours worked.  I also agree to be bound by the judgment and release in this case.  By entering this release, I recognize that I am waiving claims of which I may not be aware, and I am waiving the provisions of the California Civil Code Section 1542 and similar laws in other jurisdictions. California Civil Code § 1542 provides "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Dated: _August 20_____ , 2007                    _____

                                                                            Dale Krutoff

## EXHIBIT B

### SETTLEMENT APPROVAL AND RELEASE FORM FOR JAMES MAPES

**Re:**    *Gerald Avila, et al. v. Turlock Irrigation District*
       Case No. 06-CV-00050 OWW/SMS

   This Settlement Approval and Release Form is executed by the undersigned with respect to claims asserted in the above-referenced lawsuit ("the Lawsuit") filed against Turlock Irrigation District ("the District"), pursuant to the terms and conditions set forth in the Stipulation for Settlement ("the Stipulation") which is incorporated herein by reference.

   Having reviewed and agreed to the terms of the Stipulation and having reviewed all available public court documents to the extent I desired to do so, I wish to participate in the settlement.

   (a)    I understand and agree that the total amount of the Settlement is $215,000.00 as to all claims of all claimants.

   (b)    I understand and agree that the total number of claimants is fourteen (14) and that the total amount to be distributed to all claimants is $134,508.00.

   (c)    I understand and agree that the amount to be paid to each person shall be determined as a percentage of the total fund, taking into consideration the person's applicable wage rate and the hours of overtime worked.

   (d)    I understand that my payment will come in two separate amounts in a single disbursement and that all applicable withholding taxes and other amounts required by law will be withheld as discussed below.

   (e)    I understand and agree that the District shall, pursuant to statute, pay Arias Ozzello & Gignac LLP the amount of $80,492.00 for the fees and costs incurred in the prosecution of this action.

**Accordingly, I state the following:**

   1.    I was employed by the District as a Power Control Center Operator and during that time, I periodically worked more than forty hours in a single workweek for which I did not get paid overtime wages.

   2.    I acknowledge that I have filed a Notice of Consent to Join Action Pursuant to 29 U.S.C. § 216(b) as a plaintiff and I wish to participate in the Settlement and hereby agree to the dismissal of my claims in the Lawsuit with prejudice. I understand that through this Settlement Agreement the District does not admit any wrongdoing or liability. I agree that settlement in the net amount of $11,101.00 is a fair settlement of all my disputed claims for overtime wages, other compensation and liquidated damages against the District. I understand that one half (1/2) of this amount, the sum of $5,550.50 shall be designated as overtime compensation and the District shall deduct all applicable employee taxes. The other one half (1/2) of this amount, $5,550.50, shall be designated as "liquidated damages", for which I will be responsible for any applicable taxes.

   3.    I understand that I am solely responsible for all taxes due on the amounts payable pursuant to this settlement, with the exception of the District's statutory tax obligation under FUTA/FICA, and I will indemnify and defend the District from and against all costs and liabilities relating to such tax obligations.

   4.    In exchange for payment in accordance with this settlement and by executing this form, I hereby waive and release the District from any federal, state or local charges, claims, demands, actions, liabilities, suits, or causes of action at law or in equity or otherwise, involving and/or relating to alleged unpaid overtime or regular wages under federal law, including the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), as well as claims involving and/or relating

## EXHIBIT B

to similar state laws that establish a right to overtime, premium pay, or other wages; any claim related to meal or rest periods; interest on any alleged overtime or other wage payment claim; liquidated and/or any other form of punitive or penalty damages; and any other available monetary relief, including attorney's fees, for failure to pay all monies due for hours worked. I also agree to be bound by the judgment and release in this case. By entering this release, I recognize that I am waiving claims of which I may not be aware, and I am waiving the provisions of the California Civil Code Section 1542 and similar laws in other jurisdictions. California Civil Code § 1542 provides "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Dated: _8-21-09_____ , 2007

_James M. Mapes_
James Mapes

**EXHIBIT B**

**SETTLEMENT APPROVAL AND RELEASE FORM FOR LEE MILLION**

**Re:**   *Gerald Avila, et al. v. Turlock Irrigation District*
         **Case No. 06-CV-00050 OWW/SMS**

   This Settlement Approval and Release Form is executed by the undersigned with respect to claims asserted in the above-referenced lawsuit ("the Lawsuit") filed against Turlock Irrigation District ("the District"), pursuant to the terms and conditions set forth in the Stipulation for Settlement ("the Stipulation") which is incorporated herein by reference.

   Having reviewed and agreed to the terms of the Stipulation and having reviewed all available public court documents to the extent I desired to do so, I wish to participate in the settlement.

   (a)   I understand and agree that the total amount of the Settlement is $215,000.00 as to all claims of all claimants.

   (b)   I understand and agree that the total number of claimants is fourteen (14) and that the total amount to be distributed to all claimants is $134,508.00.

   (c)   I understand and agree that the amount to be paid to each person shall be determined as a percentage of the total fund, taking into consideration the person's applicable wage rate and the hours of overtime worked.

   (d)   I understand that my payment will come in two separate amounts in a single disbursement and that all applicable withholding taxes and other amounts required by law will be withheld as discussed below.

   (e)   I understand and agree that the District shall, pursuant to statute, pay Arias Ozzello & Gignac LLP the amount of $80,492.00 for the fees and costs incurred in the prosecution of this action.

**Accordingly, I state the following:**

   1.   I was employed by the District as a Power Control Center Operator and during that time, I periodically worked more than forty hours in a single workweek for which I did not get paid overtime wages.

   2.   I acknowledge that I have filed a Notice of Consent to Join Action Pursuant to 29 U.S.C. § 216(b) as a plaintiff and I wish to participate in the Settlement and hereby agree to the dismissal of my claims in the Lawsuit with prejudice. I understand that through this Settlement Agreement the District does not admit any wrongdoing or liability. I agree that settlement in the net amount of $12,022.00 is a fair settlement of all my disputed claims for overtime wages, other compensation and liquidated damages against the District. I understand that one half (1/2) of this amount, the sum of $6,011.00 shall be designated as overtime compensation and the District shall deduct all applicable employee taxes. The other one half (1/2) of this amount, $6,011.00, shall be designated as "liquidated damages", for which I will be responsible for any applicable taxes.

   3.   I understand that I am solely responsible for all taxes due on the amounts payable pursuant to this settlement, with the exception of the District's statutory tax obligation under FUTA/FICA, and I will indemnify and defend the District from and against all costs and liabilities relating to such tax obligations.

   4.   In exchange for payment in accordance with this settlement and by executing this form, I hereby waive and release the District from any federal, state or local charges, claims, demands, actions, liabilities, suits, or causes of action at law or in equity or otherwise, involving and/or relating to alleged unpaid overtime or regular wages under federal law, including the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), as well as claims involving and/or relating

## EXHIBIT B

to similar state laws that establish a right to overtime, premium pay, or other wages; any claim related to meal or rest periods; interest on any alleged overtime or other wage payment claim; liquidated and/or any other form of punitive or penalty damages; and any other available monetary relief, including attorney's fees, for failure to pay all monies due for hours worked. I also agree to be bound by the judgment and release in this case. By entering this release, I recognize that I am waiving claims of which I may not be aware, and I am waiving the provisions of the California Civil Code Section 1542 and similar laws in other jurisdictions. California Civil Code § 1542 provides "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Dated: 08/23/07 , 2007                         _____
                                                        Lee Million

**EXHIBIT B**

**SETTLEMENT APPROVAL AND RELEASE FORM FOR KARL MORTON**

Re:   ***Gerald Avila, et al. v. Turlock Irrigation District***
      **Case No. 06-CV-00050 OWW/SMS**

    This Settlement Approval and Release Form is executed by the undersigned with respect to claims asserted in the above-referenced lawsuit ("the Lawsuit") filed against Turlock Irrigation District ("the District"), pursuant to the terms and conditions set forth in the Stipulation for Settlement ("the Stipulation") which is incorporated herein by reference.

    Having reviewed and agreed to the terms of the Stipulation and having reviewed all available public court documents to the extent I desired to do so, I wish to participate in the settlement.

    (a)    I understand and agree that the total amount of the Settlement is $215,000.00 as to all claims of all claimants.

    (b)    I understand and agree that the total number of claimants is fourteen (14) and that the total amount to be distributed to all claimants is $134,508.00.

    (c)    I understand and agree that the amount to be paid to each person shall be determined as a percentage of the total fund, taking into consideration the person's applicable wage rate and the hours of overtime worked.

    (d)    I understand that my payment will come in two separate amounts in a single disbursement and that all applicable withholding taxes and other amounts required by law will be withheld as discussed below.

    (e)    I understand and agree that the District shall, pursuant to statute, pay Arias Ozzello & Gignac LLP the amount of $80,492.00 for the fees and costs incurred in the prosecution of this action.

**Accordingly, I state the following:**

    1.    I was employed by the District as a Power Control Center Operator and during that time, I periodically worked more than forty hours in a single workweek for which I did not get paid overtime wages.

    2.    I acknowledge that I have filed a Notice of Consent to Join Action Pursuant to 29 U.S.C. § 216(b) as a plaintiff and I wish to participate in the Settlement and hereby agree to the dismissal of my claims in the Lawsuit with prejudice. I understand that through this Settlement Agreement the District does not admit any wrongdoing or liability. I agree that settlement in the net amount of $11,187.00 is a fair settlement of all my disputed claims for overtime wages, other compensation and liquidated damages against the District. I understand that one half (1/2) of this amount, the sum of $5,593.50 shall be designated as overtime compensation and the District shall deduct all applicable employee taxes. The other one half (1/2) of this amount, $5,593.50, shall be designated as "liquidated damages", for which I will be responsible for any applicable taxes.

    3.    I understand that I am solely responsible for all taxes due on the amounts payable pursuant to this settlement, with the exception of the District's statutory tax obligation under FUTA/FICA, and I will indemnify and defend the District from and against all costs and liabilities relating to such tax obligations.

    4.    In exchange for payment in accordance with this settlement and by executing this form, I hereby waive and release the District from any federal, state or local charges, claims, demands, actions, liabilities, suits, or causes of action at law or in equity or otherwise, involving and/or relating to alleged unpaid overtime or regular wages under federal law, including the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), as well as claims involving and/or relating

**EXHIBIT B**

to similar state laws that establish a right to overtime, premium pay, or other wages; any claim related to meal or rest periods; interest on any alleged overtime or other wage payment claim; liquidated and/or any other form of punitive or penalty damages; and any other available monetary relief, including attorney's fees, for failure to pay all monies due for hours worked. I also agree to be bound by the judgment and release in this case. By entering this release, I recognize that I am waiving claims of which I may not be aware, and I am waiving the provisions of the California Civil Code Section 1542 and similar laws in other jurisdictions. California Civil Code § 1542 provides "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Dated: ___8 - 20_____, 2007            _____
                                                         Karl Morton

**EXHIBIT B**

**SETTLEMENT APPROVAL AND RELEASE FORM FOR DWAYNE NYBERG**

**Re:**   *Gerald Avila, et al. v. Turlock Irrigation District*
         **Case No. 06-CV-00050 OWW/SMS**

   This Settlement Approval and Release Form is executed by the undersigned with respect to claims asserted in the above-referenced lawsuit ("the Lawsuit") filed against Turlock Irrigation District ("the District"), pursuant to the terms and conditions set forth in the Stipulation for Settlement ("the Stipulation") which is incorporated herein by reference.

   Having reviewed and agreed to the terms of the Stipulation and having reviewed all available public court documents to the extent I desired to do so, I wish to participate in the settlement.

   (a)   I understand and agree that the total amount of the Settlement is $215,000.00 as to all claims of all claimants.

   (b)   I understand and agree that the total number of claimants is fourteen (14) and that the total amount to be distributed to all claimants is $134, 508.00.

   (c)   I understand and agree that the amount to be paid to each person shall be determined as a percentage of the total fund, taking into consideration the person's applicable wage rate and the hours of overtime worked.

   (d)   I understand that my payment will come in two separate amounts in a single disbursement and that all applicable withholding taxes and other amounts required by law will be withheld as discussed below.

   (e)   I understand and agree that the District shall, pursuant to statute, pay Arias Ozzello & Gignac LLP the amount of $80,492.00 for the fees and costs incurred in the prosecution of this action.

**Accordingly, I state the following:**

   1.   I was employed by the District as a Power Control Center Operator and during that time, I periodically worked more than forty hours in a single workweek for which I did not get paid overtime wages.

   2.   I acknowledge that I have filed a Notice of Consent to Join Action Pursuant to 29 U.S.C. § 216(b) as a plaintiff and I wish to participate in the Settlement and hereby agree to the dismissal of my claims in the Lawsuit with prejudice. I understand that through this Settlement Agreement the District does not admit any wrongdoing or liability. I agree that settlement in the net amount of $12,022.00 is a fair settlement of all my disputed claims for overtime wages, other compensation and liquidated damages against the District. I understand that one half (1/2) of this amount, the sum of $6,011.00 shall be designated as overtime compensation and the District shall deduct all applicable employee taxes. The other one half (1/2) of this amount, $6,011.00, shall be designated as "liquidated damages", for which I will be responsible for any applicable taxes.

   3.   I understand that I am solely responsible for all taxes due on the amounts payable pursuant to this settlement, with the exception of the District's statutory tax obligation under FUTA/FICA, and I will indemnify and defend the District from and against all costs and liabilities relating to such tax obligations.

   4.   In exchange for payment in accordance with this settlement and by executing this form, I hereby waive and release the District from any federal, state or local charges, claims, demands, actions, liabilities, suits, or causes of action at law or in equity or otherwise, involving and/or relating to alleged unpaid overtime or regular wages under federal law, including the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), as well as claims involving and/or relating

## EXHIBIT B

to similar state laws that establish a right to overtime, premium pay, or other wages; any claim related to meal or rest periods; interest on any alleged overtime or other wage payment claim; liquidated and/or any other form of punitive or penalty damages; and any other available monetary relief, including attorney's fees, for failure to pay all monies due for hours worked. I also agree to be bound by the judgment and release in this case. By entering this release, I recognize that I am waiving claims of which I may not be aware, and I am waiving the provisions of the California Civil Code Section 1542 and similar laws in other jurisdictions. California Civil Code § 1542 provides "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Dated: ___8/23___ , 2007                    _____
                                                      Dwayde Nyberg

**EXHIBIT B**

**SETTLEMENT APPROVAL AND RELEASE FORM FOR WILLIAM BART SARGENTI, IV**

**Re:**   *Gerald Avila, et al. v. Turlock Irrigation District*
       **Case No. 06-CV-00050 OWW/SMS**

This Settlement Approval and Release Form is executed by the undersigned with respect to claims asserted in the above-referenced lawsuit ("the Lawsuit") filed against Turlock Irrigation District ("the District"), pursuant to the terms and conditions set forth in the Stipulation for Settlement ("the Stipulation") which is incorporated herein by reference.

Having reviewed and agreed to the terms of the Stipulation and having reviewed all available public court documents to the extent I desired to do so, I wish to participate in the settlement.

(a)   I understand and agree that the total amount of the Settlement is $215,000.00 as to all claims of all claimants.

(b)   I understand and agree that the total number of claimants is fourteen (14) and that the total amount to be distributed to all claimants is $134,508.00.

(c)   I understand and agree that the amount to be paid to each person shall be determined as a percentage of the total fund, taking into consideration the person's applicable wage rate and the hours of overtime worked.

(d)   I understand that my payment will come in two separate amounts in a single disbursement and that all applicable withholding taxes and other amounts required by law will be withheld as discussed below.

(e)   I understand and agree that the District shall, pursuant to statute, pay Arias Ozzello & Gignac LLP the amount of $80,492.00 for the fees and costs incurred in the prosecution of this action.

**Accordingly, I state the following:**

1.   I was employed by the District as a Power Control Center Operator and during that time, I periodically worked more than forty hours in a single workweek for which I did not get paid overtime wages.

2.   I acknowledge that I have filed a Notice of Consent to Join Action Pursuant to 29 U.S.C. § 216(b) as a plaintiff and I wish to participate in the Settlement and hereby agree to the dismissal of my claims in the Lawsuit with prejudice. I understand that through this Settlement Agreement the District does not admit any wrongdoing or liability. I agree that settlement in the net amount of $7,468.00 is a fair settlement of all my disputed claims for overtime wages, other compensation and liquidated damages against the District. I understand that one half (1/2) of this amount, the sum of $3,734.00 shall be designated as overtime compensation and the District shall deduct all applicable employee taxes. The other one half (1/2) of this amount, $3,734.00, shall be designated as "liquidated damages", for which I will be responsible for any applicable taxes.

3.   I understand that I am solely responsible for all taxes due on the amounts payable pursuant to this settlement, with the exception of the District's statutory tax obligation under FUTA/FICA, and I will indemnify and defend the District from and against all costs and liabilities relating to such tax obligations.

4.   In exchange for payment in accordance with this settlement and by executing this form, I hereby waive and release the District from any federal, state or local charges, claims, demands, actions, liabilities, suits, or causes of action at law or in equity or otherwise, involving and/or relating to alleged unpaid overtime or regular wages under federal law, including the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), as well as claims involving and/or relating

**EXHIBIT B**

Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), as well as claims involving and/or relating to similar state laws that establish a right to overtime, premium pay, or other wages; any claim related to meal or rest periods; interest on any alleged overtime or other wage payment claim; liquidated and/or any other form of punitive or penalty damages; and any other available monetary relief, including attorney's fees, for failure to pay all monies due for hours worked.  I also agree to be bound by the judgment and release in this case.  By entering this release, I recognize that I am waiving claims of which I may not be aware, and I am waiving the provisions of the California Civil Code Section 1542 and similar laws in other jurisdictions. California Civil Code § 1542 provides "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Dated: _8 / 20_____ , 2007          _____
                                      William Bart Sargenti, IV

## EXHIBIT B

## SETTLEMENT APPROVAL AND RELEASE FORM FOR EDWARD G. SHARP

**Re:**   *Gerald Avila, et al. v. Turlock Irrigation District*
          **Case No. 06-CV-00050 OWW/SMS**

This Settlement Approval and Release Form is executed by the undersigned with respect to claims asserted in the above-referenced lawsuit ("the Lawsuit") filed against Turlock Irrigation District ("the District"), pursuant to the terms and conditions set forth in the Stipulation for Settlement ("the Stipulation") which is incorporated herein by reference.

Having reviewed and agreed to the terms of the Stipulation and having reviewed all available public court documents to the extent I desired to do so, I wish to participate in the settlement.

    (a)    I understand and agree that the total amount of the Settlement is $215,000.00 as to all claims of all claimants.

    (b)    I understand and agree that the total number of claimants is fourteen (14) and that the total amount to be distributed to all claimants is $134,508.00.

    (c)    I understand and agree that the amount to be paid to each person shall be determined as a percentage of the total fund, taking into consideration the person's applicable wage rate and the hours of overtime worked.

    (d)    I understand that my payment will come in two separate amounts in a single disbursement and that all applicable withholding taxes and other amounts required by law will be withheld as discussed below.

    (e)    I understand and agree that the District shall, pursuant to statute, pay Arias Ozzello & Gignac LLP the amount of $80,492.00 for the fees and costs incurred in the prosecution of this action.

**Accordingly, I state the following:**

1.    I was employed by the District as a Power Control Center Operator and during that time, I periodically worked more than forty hours in a single workweek for which I did not get paid overtime wages.

2.    I acknowledge that I have filed a Notice of Consent to Join Action Pursuant to 29 U.S.C. § 216(b) as a plaintiff and I wish to participate in the Settlement and hereby agree to the dismissal of my claims in the Lawsuit with prejudice. I understand that through this Settlement Agreement the District does not admit any wrongdoing or liability. I agree that settlement in the net amount of $7,468.00 is a fair settlement of all my disputed claims for overtime wages, other compensation and liquidated damages against the District. I understand that one half (1/2) of this amount, the sum of $3,734.00 shall be designated as overtime compensation and the District shall deduct all applicable employee taxes. The other one half (1/2) of this amount, $3,734.00, shall be designated as "liquidated damages", for which I will be responsible for any applicable taxes.

3.    I understand that I am solely responsible for all taxes due on the amounts payable pursuant to this settlement, with the exception of the District's statutory tax obligation under FUTA/FICA, and I will indemnify and defend the District from and against all costs and liabilities relating to such tax obligations.

4.    In exchange for payment in accordance with this settlement and by executing this form, I hereby waive and release the District from any federal, state or local charges, claims, demands, actions, liabilities, suits, or causes of action at law or in equity or otherwise, involving and/or relating to alleged unpaid overtime or regular wages under federal law, including the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), as well as claims involving and/or relating

## EXHIBIT B

to similar state laws that establish a right to overtime, premium pay, or other wages; any claim related to meal or rest periods; interest on any alleged overtime or other wage payment claim; liquidated and/or any other form of punitive or penalty damages; and any other available monetary relief, including attorney's fees, for failure to pay all monies due for hours worked. I also agree to be bound by the judgment and release in this case. By entering this release, I recognize that I am waiving claims of which I may not be aware, and I am waiving the provisions of the California Civil Code Section 1542 and similar laws in other jurisdictions. California Civil Code § 1542 provides "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Dated: _August 23_ , 2007                    _____
                                             Edward G. Sharp

**EXHIBIT B**

**SETTLEMENT APPROVAL AND RELEASE FORM FOR JAMES SISCO**

**Re:**  *Gerald Avila, et al. v. Turlock Irrigation District*
**Case No. 06-CV-00050 OWW/SMS**

This Settlement Approval and Release Form is executed by the undersigned with respect to claims asserted in the above-referenced lawsuit ("the Lawsuit") filed against Turlock Irrigation District ("the District"), pursuant to the terms and conditions set forth in the Stipulation for Settlement ("the Stipulation") which is incorporated herein by reference.

Having reviewed and agreed to the terms of the Stipulation and having reviewed all available public court documents to the extent I desired to do so, I wish to participate in the settlement.

(a) I understand and agree that the total amount of the Settlement is $215,000.00 as to all claims of all claimants.

(b) I understand and agree that the total number of claimants is fourteen (14) and that the total amount to be distributed to all claimants is $134, 508.00.

(c) I understand and agree that the amount to be paid to each person shall be determined as a percentage of the total fund, taking into consideration the person's applicable wage rate and the hours of overtime worked.

(d) I understand that my payment will come in two separate amounts in a single disbursement and that all applicable withholding taxes and other amounts required by law will be withheld as discussed below.

(e) I understand and agree that the District shall, pursuant to statute, pay Arias Ozzello & Gignac LLP the amount of $80,492.00 for the fees and costs incurred in the prosecution of this action.

**Accordingly, I state the following:**

1. I was employed by the District as a Power Control Center Operator and during that time, I periodically worked more than forty hours in a single workweek for which I did not get paid overtime wages.

2. I acknowledge that I have filed a Notice of Consent to Join Action Pursuant to 29 U.S.C. § 216(b) as a plaintiff and I wish to participate in the Settlement and hereby agree to the dismissal of my claims in the Lawsuit with prejudice. I understand that through this Settlement Agreement the District does not admit any wrongdoing or liability. I agree that settlement in the net amount of $12,022.00 is a fair settlement of all my disputed claims for overtime wages, other compensation and liquidated damages against the District. I understand that one half (1/2) of this amount, the sum of $6,011.00 shall be designated as overtime compensation and the District shall deduct all applicable employee taxes. The other one half (1/2) of this amount, $6,011.00, shall be designated as "liquidated damages", for which I will be responsible for any applicable taxes.

3. I understand that I am solely responsible for all taxes due on the amounts payable pursuant to this settlement, with the exception of the District's statutory tax obligation under FUTA/FICA, and I will indemnify and defend the District from and against all costs and liabilities relating to such tax obligations.

4. In exchange for payment in accordance with this settlement and by executing this form, I hereby waive and release the District from any federal, state or local charges, claims, demands, actions, liabilities, suits, or causes of action at law or in equity or otherwise, involving and/or relating to alleged unpaid overtime or regular wages under federal law, including the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), as well as claims involving and/or relating

**EXHIBIT B**

to similar state laws that establish a right to overtime, premium pay, or other wages; any claim related to meal or rest periods; interest on any alleged overtime or other wage payment claim; liquidated and/or any other form of punitive or penalty damages; and any other available monetary relief, including attorney's fees, for failure to pay all monies due for hours worked.  I also agree to be bound by the judgment and release in this case.  By entering this release, I recognize that I am waiving claims of which I may not be aware, and I am waiving the provisions of the California Civil Code Section 1542 and similar laws in other jurisdictions. California Civil Code § 1542 provides "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Dated:   8/20         , 2007                           _James Sisco_____
                                                                            James Sisco

**EXHIBIT B**

**SETTLEMENT APPROVAL AND RELEASE FORM FOR TOM SOUZA**

Re:   *Gerald Avila, et al. v. Turlock Irrigation District*
      **Case No. 06-CV-00050 OWW/SMS**

This Settlement Approval and Release Form is executed by the undersigned with respect to claims asserted in the above-referenced lawsuit ("the Lawsuit") filed against Turlock Irrigation District ("the District"), pursuant to the terms and conditions set forth in the Stipulation for Settlement ("the Stipulation") which is incorporated herein by reference.

Having reviewed and agreed to the terms of the Stipulation and having reviewed all available public court documents to the extent I desired to do so, I wish to participate in the settlement.

(a)   I understand and agree that the total amount of the Settlement is $215,000.00 as to all claims of all claimants.

(b)   I understand and agree that the total number of claimants is fourteen (14) and that the total amount to be distributed to all claimants is $134,508.00.

(c)   I understand and agree that the amount to be paid to each person shall be determined as a percentage of the total fund, taking into consideration the person's applicable wage rate and the hours of overtime worked.

(d)   I understand that my payment will come in two separate amounts in a single disbursement and that all applicable withholding taxes and other amounts required by law will be withheld as discussed below.

(e)   I understand and agree that the District shall, pursuant to statute, pay Arias Ozzello & Gignac LLP the amount of $80,492.00 for the fees and costs incurred in the prosecution of this action.

**Accordingly, I state the following:**

1.   I was employed by the District as a Power Control Center Operator and during that time, I periodically worked more than forty hours in a single workweek for which I did not get paid overtime wages.

2.   I acknowledge that I have filed a Notice of Consent to Join Action Pursuant to 29 U.S.C. § 216(b) as a plaintiff and I wish to participate in the Settlement and hereby agree to the dismissal of my claims in the Lawsuit with prejudice. I understand that through this Settlement Agreement the District does not admit any wrongdoing or liability. I agree that settlement in the net amount of $12,022.00 is a fair settlement of all my disputed claims for overtime wages, other compensation and liquidated damages against the District. I understand that one half (1/2) of this amount, the sum of $6,011.00 shall be designated as overtime compensation and the District shall deduct all applicable employee taxes. The other one half (1/2) of this amount, $6,011.00, shall be designated as "liquidated damages", for which I will be responsible for any applicable taxes.

3.   I understand that I am solely responsible for all taxes due on the amounts payable pursuant to this settlement, with the exception of the District's statutory tax obligation under FUTA/FICA, and I will indemnify and defend the District from and against all costs and liabilities relating to such tax obligations.

4.   In exchange for payment in accordance with this settlement and by executing this form, I hereby waive and release the District from any federal, state or local charges, claims, demands, actions, liabilities, suits, or causes of action at law or in equity or otherwise, involving and/or relating to alleged unpaid overtime or regular wages under federal law, including the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), as well as claims involving and/or relating

**EXHIBIT B**

to similar state laws that establish a right to overtime, premium pay, or other wages; any claim related to meal or rest periods; interest on any alleged overtime or other wage payment claim; liquidated and/or any other form of punitive or penalty damages; and any other available monetary relief, including attorney's fees, for failure to pay all monies due for hours worked. I also agree to be bound by the judgment and release in this case. By entering this release, I recognize that I am waiving claims of which I may not be aware, and I am waiving the provisions of the California Civil Code Section 1542 and similar laws in other jurisdictions. California Civil Code § 1542 provides "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Dated: 08-17-07 _____, 2007          _____
                                                                Tom Souza

EXHIBIT B

## SETTLEMENT APPROVAL AND RELEASE FORM FOR KRAIG STOCKARD

Re: *Gerald Avila, et al. v. Turlock Irrigation District*
     *Case No. 06-CV-00050 OWW/SMS*

        This Settlement Approval and Release Form is executed by the undersigned with respect to claims asserted in the above-referenced lawsuit ("the Lawsuit") filed against Turlock Irrigation District ("the District"), pursuant to the terms and conditions set forth in the Stipulation for Settlement ("the Stipulation") which is incorporated herein by reference.

        Having reviewed and agreed to the terms of the Stipulation and having reviewed all available public court documents to the extent I desired to do so, I wish to participate in the settlement.

    (a)    I understand and agree that the total amount of the Settlement is $215,000.00 as to all claims of all claimants.

    (b)    I understand and agree that the total number of claimants is fourteen (14) and that the total amount to be distributed to all claimants is $134, 508.00.

    (c)    I understand and agree that the amount to be paid to each person shall be determined as a percentage of the total fund, taking into consideration the person's applicable wage rate and the hours of overtime worked.

    (d)    I understand that my payment will come in two separate amounts in a single disbursement and that all applicable withholding taxes and other amounts required by law will be withheld as discussed below.

    (e)    I understand and agree that the District shall, pursuant to statute, pay Arias Ozzello & Gignac LLP the amount of $80,492.00 for the fees and costs incurred in the prosecution of this action.

**Accordingly, I state the following:**

    1.    I was employed by the District as a Power Control Center Operator and during that time, I periodically worked more than forty hours in a single workweek for which I did not get paid overtime wages.

    2.    I acknowledge that I have filed a Notice of Consent to Join Action Pursuant to 29 U.S.C. § 216(b) as a plaintiff and I wish to participate in the Settlement and hereby agree to the dismissal of my claims in the Lawsuit with prejudice. I understand that through this Settlement Agreement the District does not admit any wrongdoing or liability. I agree that settlement in the net amount of $12,022.00 is a fair settlement of all my disputed claims for overtime wages, other compensation and liquidated damages against the District. I understand that one half (1/2) of this amount, the sum of $6,011.00 shall be designated as overtime compensation and the District shall deduct all applicable employee taxes. The other one half (1/2) of this amount, $6,011.00, shall be designated as "liquidated damages", for which I will be responsible for any applicable taxes.

    3.    I understand that I am solely responsible for all taxes due on the amounts payable pursuant to this settlement, with the exception of the District's statutory tax obligation under FUTA/FICA, and I will indemnify and defend the District from and against all costs and liabilities relating to such tax obligations.

    4.    In exchange for payment in accordance with this settlement and by executing this form, I hereby waive and release the District from any federal, state or local charges, claims, demands, actions, liabilities, suits, or causes of action at law or in equity or otherwise, involving and/or relating to alleged unpaid overtime or regular wages under federal law, including the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), as well as claims involving and/or relating

**EXHIBIT B**

to similar state laws that establish a right to overtime, premium pay, or other wages; any claim related to meal or rest periods; interest on any alleged overtime or other wage payment claim; liquidated and/or any other form of punitive or penalty damages; and any other available monetary relief, including attorney's fees, for failure to pay all monies due for hours worked.  I also agree to be bound by the judgment and release in this case.  By entering this release, I recognize that I am waiving claims of which I may not be aware, and I am waiving the provisions of the California Civil Code Section 1542 and similar laws in other jurisdictions. California Civil Code § 1542 provides "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Dated:  _18 AUGUST_ , 2007          _____
                                                       Kraig Stockard

## EXHIBIT B

### SETTLEMENT APPROVAL AND RELEASE FORM FOR JAMES STRIKA

**Re:**   *Gerald Avila, et al. v. Turlock Irrigation District*
          **Case No. 06-CV-00050 OWW/SMS**

This Settlement Approval and Release Form is executed by the undersigned with respect to claims asserted in the above-referenced lawsuit ("the Lawsuit") filed against Turlock Irrigation District ("the District"), pursuant to the terms and conditions set forth in the Stipulation for Settlement ("the Stipulation") which is incorporated herein by reference.

Having reviewed and agreed to the terms of the Stipulation and having reviewed all available public court documents to the extent I desired to do so, I wish to participate in the settlement.

(a)   I understand and agree that the total amount of the Settlement is $215,000.00 as to all claims of all claimants.

(b)   I understand and agree that the total number of claimants is fourteen (14) and that the total amount to be distributed to all claimants is $134, 508.00.

(c)   I understand and agree that the amount to be paid to each person shall be determined as a percentage of the total fund, taking into consideration the person's applicable wage rate and the hours of overtime worked.

(d)   I understand that my payment will come in two separate amounts in a single disbursement and that all applicable withholding taxes and other amounts required by law will be withheld as discussed below.

(e)   I understand and agree that the District shall, pursuant to statute, pay Arias Ozzello & Gignac LLP the amount of $80,492.00 for the fees and costs incurred in the prosecution of this action.

**Accordingly, I state the following:**

1.   I was employed by the District as a Power Control Center Operator and during that time, I periodically worked more than forty hours in a single workweek for which I did not get paid overtime wages.

2.   I acknowledge that I have filed a Notice of Consent to Join Action Pursuant to 29 U.S.C. § 216(b) as a plaintiff and I wish to participate in the Settlement and hereby agree to the dismissal of my claims in the Lawsuit with prejudice. I understand that through this Settlement Agreement the District does not admit any wrongdoing or liability. I agree that settlement in the net amount of $4,017.00 is a fair settlement of all my disputed claims for overtime wages, other compensation and liquidated damages against the District. I understand that one half (1/2) of this amount, the sum of $2,008.50 shall be designated as overtime compensation and the District shall deduct all applicable employee taxes. The other one half (1/2) of this amount, $2,008.50, shall be designated as "liquidated damages", for which I will be responsible for any applicable taxes.

3.   I understand that I am solely responsible for all taxes due on the amounts payable pursuant to this settlement, with the exception of the District's statutory tax obligation under FUTA/FICA, and I will indemnify and defend the District from and against all costs and liabilities relating to such tax obligations.

4.   In exchange for payment in accordance with this settlement and by executing this form, I hereby waive and release the District from any federal, state or local charges, claims, demands, actions, liabilities, suits, or causes of action at law or in equity or otherwise, involving and/or relating to alleged unpaid overtime or regular wages under federal law, including the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), as well as claims involving and/or relating

## EXHIBIT B

to similar state laws that establish a right to overtime, premium pay, or other wages; any claim related to meal or rest periods; interest on any alleged overtime or other wage payment claim; liquidated and/or any other form of punitive or penalty damages; and any other available monetary relief, including attorney's fees, for failure to pay all monies due for hours worked. I also agree to be bound by the judgment and release in this case. By entering this release, I recognize that I am waiving claims of which I may not be aware, and I am waiving the provisions of the California Civil Code Section 1542 and similar laws in other jurisdictions. California Civil Code § 1542 provides "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Dated: _August 21_ , 2007                          _____
                                                   James Strika

**EXHIBIT B**

## SETTLEMENT APPROVAL AND RELEASE FORM FOR SCOTT L. WARD

**Re:** *Gerald Avila, et al. v. Turlock Irrigation District*
**Case No. 06-CV-00050 OWW/SMS**

This Settlement Approval and Release Form is executed by the undersigned with respect to claims asserted in the above-referenced lawsuit ("the Lawsuit") filed against Turlock Irrigation District ("the District"), pursuant to the terms and conditions set forth in the Stipulation for Settlement ("the Stipulation") which is incorporated herein by reference.

Having reviewed and agreed to the terms of the Stipulation and having reviewed all available public court documents to the extent I desired to do so, I wish to participate in the settlement.

(a) I understand and agree that the total amount of the Settlement is $215,000.00 as to all claims of all claimants.

(b) I understand and agree that the total number of claimants is fourteen (14) and that the total amount to be distributed to all claimants is $134, 508.00.

(c) I understand and agree that the amount to be paid to each person shall be determined as a percentage of the total fund, taking into consideration the person's applicable wage rate and the hours of overtime worked.

(d) I understand that my payment will come in two separate amounts in a single disbursement and that all applicable withholding taxes and other amounts required by law will be withheld as discussed below.

(e) I understand and agree that the District shall, pursuant to statute, pay Arias Ozzello & Gignac LLP the amount of $80,492.00 for the fees and costs incurred in the prosecution of this action.

**Accordingly, I state the following:**

1. I was employed by the District as a Power Control Center Operator and during that time, I periodically worked more than forty hours in a single workweek for which I did not get paid overtime wages.

2. I acknowledge that I have filed a Notice of Consent to Join Action Pursuant to 29 U.S.C. § 216(b) as a plaintiff and I wish to participate in the Settlement and hereby agree to the dismissal of my claims in the Lawsuit with prejudice. I understand that through this Settlement Agreement the District does not admit any wrongdoing or liability. I agree that settlement in the net amount of $7,187.00 is a fair settlement of all my disputed claims for overtime wages, other compensation and liquidated damages against the District. I understand that one half (1/2) of this amount, the sum of $3,593.50 shall be designated as overtime compensation and the District shall deduct all applicable employee taxes. The other one half (1/2) of this amount, $3,593.50, shall be designated as "liquidated damages", for which I will be responsible for any applicable taxes.

3. I understand that I am solely responsible for all taxes due on the amounts payable pursuant to this settlement, with the exception of the District's statutory tax obligation under FUTA/FICA, and I will indemnify and defend the District from and against all costs and liabilities relating to such tax obligations.

4. In exchange for payment in accordance with this settlement and by executing this form, I hereby waive and release the District from any federal, state or local charges, claims, demands, actions, liabilities, suits, or causes of action at law or in equity or otherwise, involving and/or relating to alleged unpaid overtime or regular wages under federal law, including the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), as well as claims involving and/or relating

**EXHIBIT B**

to similar state laws that establish a right to overtime, premium pay, or other wages; any claim related to meal or rest periods; interest on any alleged overtime or other wage payment claim; liquidated and/or any other form of punitive or penalty damages; and any other available monetary relief, including attorney's fees, for failure to pay all monies due for hours worked. I also agree to be bound by the judgment and release in this case. By entering this release, I recognize that I am waiving claims of which I may not be aware, and I am waiving the provisions of the California Civil Code Section 1542 and similar laws in other jurisdictions. California Civil Code § 1542 provides "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Dated: 8 20 07 , 2007

Scott L. Ward

## SETTLEMENT APPROVAL AND RELEASE FORM FOR GARY WEIMER

**Re:**   ***Gerald Avila, et al. v. Turlock Irrigation District***
  **Case No. 06-CV-00050 OWW/SMS**

This Settlement Approval and Release Form is executed by the undersigned with respect to claims asserted in the above-referenced lawsuit ("the Lawsuit") filed against Turlock Irrigation District ("the District"), pursuant to the terms and conditions set forth in the Stipulation for Settlement ("the Stipulation") which is incorporated herein by reference.

Having reviewed and agreed to the terms of the Stipulation and having reviewed all available public court documents to the extent I desired to do so, I wish to participate in the settlement.

(a)   I understand and agree that the total amount of the Settlement is $215,000.00 as to all claims of all claimants.

(b)   I understand and agree that the total number of claimants is fourteen (14) and that the total amount to be distributed to all claimants is $134,508.00.

(c)   I understand and agree that the amount to be paid to each person shall be determined as a percentage of the total fund, taking into consideration the person's applicable wage rate and the hours of overtime worked.

(d)   I understand that my payment will come in two separate amounts in a single disbursement and that all applicable withholding taxes and other amounts required by law will be withheld as discussed below.

(e)   I understand and agree that the District shall, pursuant to statute, pay Arias Ozzello & Gignac LLP the amount of $80,492.00 for the fees and costs incurred in the prosecution of this action.

**Accordingly, I state the following:**

1.   I was employed by the District as a Power Control Center Operator and during that time, I periodically worked more than forty hours in a single workweek for which I did not get paid overtime wages.

2.   I acknowledge that I have filed a Notice of Consent to Join Action Pursuant to 29 U.S.C. § 216(b) as a plaintiff and I wish to participate in the Settlement and hereby agree to the dismissal of my claims in the Lawsuit with prejudice. I understand that through this Settlement Agreement the District does not admit any wrongdoing or liability. I agree that settlement in the net amount of $10,706.00 is a fair settlement of all my disputed claims for overtime wages, other compensation and liquidated damages against the District. I understand that one half (1/2) of this amount, the sum of $5,353.00 shall be designated as overtime compensation and the District shall deduct all applicable employee taxes. The other one half (1/2) of this amount, $5,353.00, shall be designated as "liquidated damages", for which I will be responsible for any applicable taxes.

3.   I understand that I am solely responsible for all taxes due on the amounts payable pursuant to this settlement, with the exception of the District's statutory tax obligation under FUTA/FICA, and I will indemnify and defend the District from and against all costs and liabilities relating to such tax obligations.

4.   In exchange for payment in accordance with this settlement and by executing this form, I hereby waive and release the District from any federal, state or local charges, claims, demands, actions, liabilities, suits, or causes of action at law or in equity or otherwise, involving and/or relating to alleged unpaid overtime or regular wages under federal law, including the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), as well as claims involving and/or relating

**EXHIBIT B**

to similar state laws that establish a right to overtime, premium pay, or other wages; any claim related to meal or rest periods; interest on any alleged overtime or other wage payment claim; liquidated and/or any other form of punitive or penalty damages; and any other available monetary relief, including attorney's fees, for failure to pay all monies due for hours worked.  I also agree to be bound by the judgment and release in this case.  By entering this release, I recognize that I am waiving claims of which I may not be aware, and I am waiving the provisions of the California Civil Code Section 1542 and similar laws in other jurisdictions.  California Civil Code § 1542 provides "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Dated:  _____8 / 19_____ , 2007                    _____
                                                                              Gary Weimer

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the State of California, County of Los Angeles.  I am over the age of 18 and not a party to the within suit; my business address is 6701 Center Drive West, Suite 1400, Los Angeles, California 90045.

On **August 24, 2007**, I served the foregoing document described as: **JOINT EX PARTE APPLICATION FOR APPROVAL OF FINAL SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action by sending [  ] the original [or] [✔] a true copy thereof [✔] to interested parties as follows [or] [  ] as stated on the attached service list:

Matthew J. Ruggles, Esq.
*Littler Mendelson*
2520 Venture Oaks Way, Suite 390
Sacramento, California 95833
Tel:  (916) 830-7200
Fax: (916) 561-0828
mruggles@littler.com

[✔]     **BY MAIL (enclosed in a sealed envelope):** I deposited the envelopes for mailing in the ordinary course of business at Los Angeles, California.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  Under that practice, the sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[  ]     **BY FAX:** I hereby certify that this document was served by facsimile delivery on the parties listed herein at their most recent fax number of record in this action from Los Angeles, California.

[  ]     **BY E-MAIL:** I hereby certify that this document was served by e-mail delivery on the parties listed herein at their most recent e-mail addresses of record in this action.

[  ]     **BY PERSONAL SERVICE (enclosed in a sealed envelope):** I delivered such envelope by hand to the offices of the addressees named herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **August 24, 2007** at Los Angeles, California.

Leandra Kamba
Type or Print Name

Signature

ARIAS OZZELLO & GIGNAC LLP

**PROOF OF SERVICE**